DENNIS SCOT LEWIS, Petitioner-Appellee, *v.* VIRGINIA BELLE CANTY, Respondent-Appellant.

First District (1st Division)   No. 82—2114

Opinion filed May 31, 1983.

Jerome Marvin Kaplan, of Chicago, for appellant.

Paul M. Tschirhart, of Arlington Heights, for appellee.

JUSTICE McGloon delivered the opinion of the court:

This is an appeal from an order denying respondent's (Virginia Belle Canty) motion to vacate the order awarding temporary custody of the parties' two minor children to petitioner (Dennis Scot Lewis).

On appeal, respondent contends that the order awarding temporary custody to petitioner is erroneous. We lack jurisdiction to entertain this appeal because no final and appealable order was entered by the trial court.

The parties were divorced in 1973. The judgment for dissolution of marriage awarded custody of the parties' minor children, Stephanie and Stephen, to respondent. In the fall of 1979, the parties entered into separate agreements transferring the custody of the children to petitioner. The agreements, which were substantially similar, provided that petitioner should assume the children's care and custody. The parties stipulated that the agreements would remain in effect for a minimum of two years. As a result of the agreements, the children moved to Elk Grove Village, Illinois, to live with petitioner.

On July 8, 1981, petitioner filed a petition to modify the judgment for dissolution of marriage in order to change the permanent custody award of the children. At the time the petition was filed, both children resided with petitioner; however, Stephanie was visiting respondent in Oregon. After respondent refused to return Stephanie and attempted to seize Stephen, petitioner sought and obtained a temporary restraining order to prevent respondent from removing Stephen from Illinois. The order also awarded petitioner temporary custody of the children pending a full hearing on the petition to change permanent custody. The order was entered August 20, 1981.

After several continuances and three days of hearing evidence on transferring permanent custody, respondent renewed her motion to vacate the order of August 20, 1981.

On August 25, 1982, the court denied respondent's motion to dismiss the petition for change of custody and respondent's motion to vacate the temporary custody order. Contained in the order was the trial court's finding that serious questions of jurisdiction existed that should be resolved prior to the commencement of further hearings on the merits.

This court must determine whether the parties have properly invoked the jurisdiction of this court before addressing the merits on appeal. (*Camp v. Chicago Transit Authority* (1980), 82 Ill. App. 3d 1107, 403 N.E.2d 704.) An appeal to this court may be taken only from a final order, unless it comes within one of the exceptions set forth by Supreme Court Rules 306 through 308. (87 Ill. 2d Rules 306 through 308; *Gutenkauf v. Gutenkauf* (1979), 69 Ill. App. 3d 871, 387 N.E.2d 918.) This court has held that a denial of a motion to strike or dismiss of itself is not a final, appealable order. (*Camp.*) Therefore, the present appeal must be cognizable as an interlocutory order to invoke this court's jurisdiction. We have examined the order of August 25, 1982, and find that it does not fall within any exception to the finality rule expressed in Supreme Court Rule 307 (87 Ill. 2d R. 307). Neither is the appeal cognizable under Supreme Court Rule 306(a)(1)(v) (87 Ill. 2d R. 306(a)(1)(v)) because appellant failed to file an application for leave to appeal.

Where a rule expressly outlines the procedure to be taken on appeal, as does Rule 306, said procedure must be followed exactly. (*Hamas v. Payne* (1969), 107 Ill. App. 2d 316, 246 N.E.2d 1.) We find that our jurisdiction was not properly invoked because leave to appeal was not granted as required by Rule 306.

Because of doubts expressed by the trial court concerning the jurisdiction of that court to entertain the suit, we choose to address the issue.

■ The Uniform Child Custody Jurisdiction Act (UCCJA) is made applicable to child-custody proceedings under part VI of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1981, ch. 40, par. 601(a)). Section 4 of the UCCJA (Ill. Rev. Stat. 1981, ch. 40, par. 2104(a)) governs jurisdiction to render modification judgments as well as the initial custody dispute. (Ill. Rev. Stat. 1981, ch. 40, par. 601(a).) Where a court has proper jurisdiction under one of the provisions of section 4, it cannot be divested of jurisdiction by removal of the child from the State. Fleck, *Child Snatching by Parents: What Legal Remedies for "Flee and Plea?"* 55 Chi.-Kent L. Rev. 303 (1979).

Section 4 introduces the concept of the "home state" as a primary base for jurisdiction:

"(a) The circuit courts have jurisdiction to make a child custody determination by initial or modification judgment if:

1. this State

(i) is the home state of the child at the time of commencement of the proceeding, or

(ii) had been the child's home state within 6 months before

commencement of the proceeding and the child is absent from this State because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this State; ***." Ill. Rev. Stat. 1981, ch. 40, par. 2104(a).

■ In the instant case, Stephanie and Stephen had lived in Illinois for over 18 months when the petition to transfer custody was filed. They attended school in Illinois. Thus, there was a significant connection with the State by the children and their parent. (*In re Marriage of Weinstein* (1980), 87 Ill. App. 3d 101, 408 N.E.2d 952.) The fact that Stephanie was in Oregon because respondent refused to return her to petitioner after her summer visit does not deprive Illinois of jurisdiction. Moreover, respondent submitted to jurisdiction of this court when she made a general appearance at the hearings on the petition for change of custody. *In re Custody of Iverson* (1980), 83 Ill. App. 3d 493, 404 N.E.2d 411.

We find the Illinois forum has proper jurisdiction under section 4 (Ill. Rev. Stat. 1981, ch. 40, par. 2104(a)(1)(i), (ii)). The hearings on the issue of permanent custody should be concluded expeditiously.

For the foregoing reasons, we dismiss the appeal and remand the cause for further proceedings.

Appeal dismissed; cause remanded.

BUCKLEY, P.J., and CAMPBELL, J., concur.