*In re* MARRIAGE OF ADAM KOSTUSIK, Petitioner-Appellant, and ANGIESZKA KOSTUSIK, Respondent-Appellee.

First District (3rd Division)   No. 1—05—1196

Opinion filed September 14, 2005.

Roxanna M. Hipple, of Kumor & Hipple, P.C., of West Dundee, and Randy

K. Johnson, of Ariano, Hardy, Nyuli, Johnson, Richmond, Fleck, Goettel & Castillo, P.C., of Elgin, for appellant.

Robert F. Harris, Kass A. Plain, and Mary Brigid Hayes, all of Office of Cook County Public Guardian, of Chicago, for appellee.

JUSTICE THEIS delivered the opinion of the court:

Petitioner, Adam Kostusik, petitions this court for leave to appeal pursuant to Supreme Court Rule 306(a)(5) (210 Ill. 2d R. 306(a)(5)), as an interlocutory order affecting the care and custody of an unemancipated minor. Petitioner seeks review of an interim order of child custody which awarded temporary custody of his son, Daniel, to his wife, respondent Angieszka Kostusik, during the pendency of their dissolution of marriage proceedings. The temporary custody order was entered after the office of the Cook County Public Guardian, which was appointed as Daniel's representative (child's representative), filed an emergency motion for a change in temporary custody. In his petition, petitioner contends that the circuit court erred in awarding respondent temporary custody of Daniel because (1) the child's representative lacked standing to bring such a motion; and (2) it could not do so without an evidentiary hearing. For the following reasons, we grant petitioner's petition for leave to appeal, but affirm the order of the circuit court awarding respondent temporary custody of Daniel.

Petitioner filed a petition for dissolution of marriage against respondent on June 17, 2004. Therein, petitioner sought, *inter alia*, custody of Daniel, who was born on February 3, 2004. Along with the petition for dissolution of marriage, petitioner filed a petition for temporary custody of Daniel. Petitioner alleged that he had been the primary caregiver for Daniel during the marriage and that respondent was mentally ill and suicidal.

The same day, the court entered an *ex parte* emergency order of protection against respondent, granting temporary custody of Daniel to petitioner and prohibiting respondent from contacting petitioner or Daniel. The next day, respondent filed a *pro se* motion to vacate the order of protection, claiming that she was still breast-feeding Daniel and that the allegations upon which the order of protection were based were untrue.

On June 21, 2004, respondent, through counsel, filed a counterpetition for dissolution of marriage. Therein, respondent sought, *inter alia*, custody of Daniel, alleging that she had been his primary caregiver since birth. Also on June 21, 2004, the court modified the emergency order of protection to provide respondent with supervised visits with Daniel.

The following day, respondent filed an emergency petition seeking the return of Daniel to her. Respondent maintained that she was in "regular" mental and emotional health and that she had never taken any action to harm either herself or her child. Respondent also indicated that because petitioner's mother was an illegal Polish immigrant, there was a threat that she would remove Daniel to Poland. By agreement, on June 25, 2004, the parties increased the amount of time respondent would be permitted to visit with Daniel.

On August 4, 2004, respondent filed another *pro se* motion seeking the return of Daniel to her. However, once respondent retained new counsel, that motion was withdrawn.

During August, Daniel was diagnosed with developmental disabilities. On September 30, 2004, respondent filed a petition to modify the June 25, 2004, custody order to grant her temporary custody of Daniel. Respondent alleged, *inter alia*, that petitioner was not attentive to Daniel's medical needs and that he made it difficult for her to take Daniel to medical appointments. Respondent also alleged that petitioner had limited involvement with Daniel and that it was actually petitioner's mother who was caring for him. Respondent attached the report of Cook County Supportive Services, which recommended that she be given custody of Daniel, but that petitioner be given liberal visitation. The court continued this motion until December 2, 2004, then again until January 31, 2005. In January, the court ordered discovery and a professional evaluation of Daniel pursuant to section 604(b) of the Illinois Marriage and Dissolution of Marriage Act (the Act) (750 ILCS 5/604(b) (West 2004)).

Meanwhile, on petitioner's motion, the court appointed the office of the Cook County Public Guardian as Daniel's representative pursuant to section 506(a)(3) of the Act (750 ILCS 5/506(a)(3) (West 2004)). On March 25, 2005, the child's representative filed his own emergency motion requesting that respondent be given temporary custody. The motion cited the section 604(b) professional evaluation of Susan Schulson, which recommended that respondent be given temporary custody of Daniel and the power to make medical decisions on his behalf. Schulson further reported that petitioner refused to cooperate with the prescribed therapy for Daniel and refused to consent to his treatment. On March 22, 2005, Easter Seals informed Schulson that due to petitioner's failure to cooperate, Daniel would no longer be eligible for therapeutic services through Easter Seals. Alleging that the termination of the therapy with Easter Seals would result in irreparable harm to Daniel, the child's representative sought the change in custody. Petitioner neither objected to the motion nor requested an evidentiary hearing. On March 28, 2005, the circuit court granted the motion

made by the child's representative and gave respondent temporary custody of Daniel as well as the authority to make medical decisions on his behalf.

On April 1, 2005, petitioner sought review of the temporary custody order by filing a "Notice of an Appeal pursuant to Illinois Supreme Court Rules 306 and 306(A) from an order entered by the Circuit Court of First Judicial Circuit, Cook County, Illinois, on March 28, 2005 to the Illinois Appellate Court—First Judicial District," in the circuit court. The matter was docketed as an expedited child custody appeal pursuant to Rule 306A (210 Ill. 2d R. 306A) in this court on April 18, 2005. Petitioner subsequently filed the record on April 27, 2005, and his opening brief on May 18, 2005.

The child's representative filed its brief in response to petitioner's on June 23, 2005. Therein, the child's representative contended, *inter alia,* that this court lacked jurisdiction to consider the appeal from the temporary custody order because the March 28, 2005, order was not a final order appealable under Rule 306A and petitioner failed to petition for leave to appeal on an interlocutory basis in accordance with the procedures of Rule 306(a)(5). In response, petitioner filed, on July 7, 2005, a "Motion for Petition for Leave to Appeal Pursuant to 306A(a) *or* Alternatively Petition for Leave to Appeal Pursuant to 306(a)(5) *and* Petition for Brief to Stand as Petition for Leave to Appeal, Instanter." In that motion, petitioner contended that he had complied with the procedures set forth in Rule 306A for expedited child custody appeals and, citing no authority, that "[i]n the interest of justice and judicial economy," this court should permit him to petition for leave to appeal under either Rule 306A or Rule 306(a)(5). The child's representative filed a response to that motion, contending that the temporary custody order does not fit within any of the four categories for which an automatic right to appeal exists under Rule 306A because it was not an initial final custody order, an order modifying child custody where a change in custody has been granted, a final order of adoption, or a final order terminating parental rights. The child's representative further contended that petitioner should have petitioned for leave to appeal pursuant to Rule 306(a)(5).

On July 22, this court permitted petitioner to petition for leave to appeal pursuant to Rule 306(a)(5). Petitioner requested that his opening brief be treated as his petition for leave to appeal. The child's representative filed a response, initially contending that we lacked jurisdiction to entertain petitioner's petition for leave to appeal. Because petitioner was apparently confused by the new supreme court rules expediting child custody appeals, we will address why Rule

306(a)(5) is the proper vehicle for seeking review of interlocutory child custody orders in addition to addressing our jurisdiction.

■ It is well established that except as specifically provided in the supreme court rules, this court is without jurisdiction to review judgments, orders and decrees that are not final. *Almgren v. Rush-Presbyterian-St. Luke's Medical Center*, 162 Ill. 2d 205, 210, 642 N.E.2d 1264, 1266 (1994). Here, the March 28, 2005, order from which petitioner seeks to appeal was a *temporary* custody order. A temporary custody order pursuant to section 603(a) of the Act (750 ILCS 5/603(a) (West 2004)), by its very nature, is not a final, appealable order. *In re Marriage of Fields*, 283 Ill. App. 3d 894, 901, 671 N.E.2d 85, 90 (1996); see also *Lewis v. Canty*, 115 Ill. App. 3d 306, 308, 450 N.E.2d 864, 865 (1983) (finding that denial of motion to vacate temporary custody order was not final). In fact, when the permanent custody order is entered, the temporary custody order is superseded. *Fields*, 283 Ill. App. 3d at 901, 671 N.E.2d at 90. Therefore, the March 28 temporary custody order can only be appealed on an interlocutory basis as provided for in the supreme court rules. *Lewis*, 115 Ill. App. 3d at 308, 450 N.E.2d at 865.

As we explained above, petitioner invoked both Rule 306A and Rule 306 in his effort to obtain review of the March 28, 2005, temporary custody order. We will therefore address whether those rules confer the authority for petitioner to seek review of an interlocutory child custody order.

■ Rule 306A is a new supreme court rule that provides for expedited appeals in child custody cases. 210 Ill. 2d R. 306A; *In re Marriage of Sproat*, 357 Ill. App. 3d 880, 881, 830 N.E.2d 843 (2005). The apparent intent behind Rule 306A was to promote stability for the affected families by producing swift rulings. *Sproat*, 357 Ill. App. 3d at 883.

Rule 306A provides for expedited review of the following four types of orders: "(1) initial final child custody orders, (2) orders modifying child custody where a change of custody has been granted, (3) final orders of adoption and (4) final orders terminating parental rights." 210 Ill. 2d R. 306A(a). Each of these four types of orders is a final order.[1] In addition, the Second District recently held that Rule

---

[1]The second category of orders, orders modifying custody judgments which effect a change in custody, are also final orders, even though the rule does not explicitly use the term "final." This second category is an apparent

306A does not make custody orders entered in dissolution of marriage proceedings final and immediately appealable before the dissolution is final. *Sproat*, 357 Ill. App. 3d at 883. Rather, Rule 306A addresses only new procedures to be followed by trial and appellate courts to ensure expedient review of child custody cases. *Sproat*, 357 Ill. App. 3d at 883.

However, Rule 306A(a) further provides that, "[i]n any other child custody cases in which the best interests of the child is involved including orders of visitation, guardianship[,] standing to pursue custody and interim orders of custody, a party may file a petition in accordance with the rules [for] seeking leave to appeal." 210 Ill. 2d R. 306A(a). This can only be understood as a directive to seek leave to appeal from interlocutory child custody orders pursuant to Rule 306(a)(5), which specifically provides that a party may petition this court to review "interlocutory orders affecting the care and custody of unemancipated minors." 210 Ill. 2d R. 306(a)(5). Thus, Rule 306(a)(5) is the vehicle by which to seek review of interlocutory child custody orders. See *In re Curtis B.*, 203 Ill. 2d 53, 63, 784 N.E.2d 219, 225 (2002); *In re Marriage of Leopando*, 96 Ill. 2d 114, 120, 449 N.E.2d 137, 140 (1983); *In re Parentage of Melton*, 321 Ill. App. 3d 823, 828, 748 N.E.2d 291, 295-96 (2001).

In addition to conferring the authority to seek review of certain interlocutory orders, Rule 306 outlines the procedure to be followed in petitioning the appellate court for leave to appeal. Prior to 2004, Rule 306(b) established one procedure to be followed for all types of interlocutory appeals contained in Rule 306(a). See 210 Ill. 2d R. 306(c). That procedure provided that a party must file a petition for leave to appeal in the appellate court within 30 days of the entry of the order from which review is sought, even in child custody matters. *In re Leonard R.*, 351 Ill. App. 3d 172, 174, 813 N.E.2d 1054, 1056 (2004). That 30-day time limit was found to be jurisdictional such that a party's failure to file a petition for leave to appeal, or at least request an extension of time to do so pursuant to former Rule 306(e) (210 Ill. 2d R. 306(f)) (renumbering subsections following the addition of the expedited procedures for child custody appeals)), within that time

---

reference to modification orders effected pursuant to section 610 of the Act (750 ILCS 5/610 (West 2004)), which occur subsequent to an initial final custody order. See also *In re Custody of Purdy*, 112 Ill. 2d 1, 5, 490 N.E.2d 1278, 1279-80 (1986) (distinguishing *Leopando* and holding that an order changing custody subsequent to a dissolution of marriage is final and appealable).

would preclude jurisdiction from vesting in the appellate court. *Miller v. Consolidated R. Corp.*, 173 Ill. 2d 252, 258, 671 N.E.2d 39, 42-43 (1996); *Leonard R.*, 351 Ill. App. 3d at 174, 813 N.E.2d at 1056.

However, about the same time that Rule 306A became effective, Supreme Court Rule 306 was modified to include a new subsection (b), which provides a special procedure that parties seeking review of interlocutory child custody orders pursuant to Rule 306(a)(5) must follow. 210 Ill. 2d R. 306. This new procedure applies only to orders appealable pursuant to Rule 306(a)(5); the procedure for petitions for leave to appeal other orders under Rule 306(a) is provided for in subsections (c) through (i) of Rule 306. 210 Ill. 2d R. 306(b).

■ The new procedure set forth in Rule 306(b)(1) changes the old procedure for petitioning for leave to appeal interlocutory child custody orders in two ways. First, Rule 306 was modified to expedite the process of determining appeals of interlocutory orders affecting the care and custody of unemancipated minors. 210 Ill. 2d R. 306. Amended Rule 306(b) shortens the time frame in which to file a petition for leave to appeal in the appellate court from 30 days of the date of the entry of the order from which review is sought to 5 "business days." 210 Ill. 2d R. 306(b). In the event that the petition for leave to appeal is allowed, the rules further expedite the appeal process by providing that the time frames for filing any additional record or briefs shall be those set forth in Rule 306A. 210 Ill. 2d R. 306A(a). ("Upon granting of the petition by the appellate court, all said proceedings shall be subject to procedures set forth in this rule"); First District Local Rule 14(E), eff. July 1, 2004.

Second, Rule 306(b) was modified to include the requirement that the party seeking review file, in addition to its petition for leave to appeal in the appellate court, "[a] notice of interlocutory appeal substantially conforming to the notice of appeal in other cases *** within the time allowed by this paragraph for filing the petition," in the circuit court. 210 Ill. 2d R. 306(b). As a result of this additional requirement, the procedure for seeking review of interlocutory child custody orders now parallels the procedure for seeking review of temporary restraining orders. 188 Ill. 2d R. 307(d) ("[R]eview of the granting or denial of a temporary restraining order or an order modifying, dissolving, or refusing to dissolve or modify a temporary restraining order *** shall be by petition filed in the Appellate Court, but notice of interlocutory appeal *** shall also be filed, within the same time for filing the petition"). The apparent intent behind the new

procedures in Rule 306(b) is to promote the interests of justice by allowing for quicker review of these provisionary orders so that the cause may proceed to the determination of a permanent order more quickly. See *Friedman v. Thorson*, 303 Ill. App. 3d 131, 136, 707 N.E.2d 624, 627 (1999) (discussing the intent behind the addition of Rule 307(d), procedure expediting appeals of temporary restraining orders).

Therefore, in order to vest this court with jurisdiction, petitioner would have had to file a petition for leave to appeal the March 28, 2005, temporary custody order in this court, as well as a notice of interlocutory appeal in the circuit court, by April 4, 2005, which was five "business days" after March 28, 2005. Petitioner failed to do so. Instead, petitioner filed in the circuit court on April 1, 2005, a "Notice of an Appeal pursuant to Illinois Supreme Court Rules 306 and 306(A) from an order entered by the Circuit Court of First Judicial Circuit, Cook County, Illinois, on March 28, 2005 to the Illinois Appellate Court—First Judicial District." We must therefore determine whether petitioner's filing of a notice of appeal within the five-day time frame, instead of a petition for leave to appeal coupled with a notice of interlocutory appeal, was sufficient to invoke this court's jurisdiction.

■ The purpose of the notice of appeal is to inform the prevailing party of the litigation that the losing party is seeking review by a higher court. *Burtell v. First Charter Service Corp.*, 76 Ill. 2d 427, 433, 394 N.E.2d 380, 383 (1979). As such, the notice of appeal is to be liberally construed and will confer jurisdiction when, considered as a whole, it fairly and adequately sets out the judgment complained of and the relief sought so that the prevailing party is advised of the nature of the appeal. *Burtell*, 76 Ill. 2d at 433-34, 394 N.E.2d at 383. Thus, as long as the substance of the notice is correct and the appellee suffers no prejudice, the absence of strict technical compliance with the form of the notice is not fatal to a reviewing court's jurisdiction. *Burtell*, 76 Ill. 2d at 434, 394 N.E.2d at 383.

In determining whether petitioner's filing of a standard notice of appeal, rather than the required notice of interlocutory appeal, was sufficient to satisfy the notice of interlocutory appeal requirement in this case, we find this court's decisions resolving this issue in the context of temporary restraining orders to be instructive. For instance, in *City of Chicago v. First Bank of Oak Park*, 178 Ill. App. 3d 321, 325, 533 N.E.2d 424, 426 (1988), we found a notice of appeal sufficient to provide notice of an interlocutory appeal where the notice of appeal clearly referenced the order to be appealed from, thereby informing

the opposing party of the nature of the appeal. See also *City of Elgin v. County of Cook*, 257 Ill. App. 3d 186, 200-01, 629 N.E.2d 86, 96-97 (1993), *rev'd in part on other grounds*, 169 Ill. 2d 53, 660 N.E.2d 875 (1995) (finding notice sufficient to apprise parties and court that appellant sought review of interlocutory orders entered on two particular dates).

■ In the instant case, petitioner's notice of appeal clearly indicated that he was seeking review of the March 28, 2005, temporary custody order. Neither respondent nor the child's representative has been prejudiced by this notice of appeal because both parties' filings evidence that they clearly understand the nature of the review sought. We therefore find this notice sufficient to indicate that petitioner was seeking review of an interlocutory order.

We now turn to the effect of petitioner's failure to petition this court for leave to appeal. Shortly after Rule 306(a)(5) became effective in 1982, this court required that its procedures be strictly followed and found that its jurisdiction to review an order denying a change in temporary custody had not been properly invoked where the appellant filed a notice of appeal from the order rather than a petition for leave to appeal. *Lewis*, 115 Ill. App. 3d at 308, 450 N.E.2d at 866. However, since then, the supreme court has indicated that if this court finds that its jurisdiction to review custody orders has not been properly invoked, the court should "consider[ ] the propriety of the order under [what is now Rule 306(a)(5)] in order to resolve the custody question as quickly and economically as possible." *Purdy*, 112 Ill. 2d at 4, 490 N.E.2d at 1279. Accordingly, the supreme court and this court have recharacterized certain appeals as petitions for leave to appeal pursuant to Rule 306(a)(5) where the parties seeking review have relied on erroneous law or erroneous cases in failing to invoke Rule 306(a)(5). Compare *Curtis B.*, 203 Ill. 2d at 63, 784 N.E.2d at 225 (where party relied on unconstitutional statute making permanency orders in abuse and neglect proceedings final, court reconstrued notice of appeal as petition for leave to appeal pursuant to Rule 306(a)(5)), *Leopando*, 96 Ill. 2d at 120, 449 N.E.2d at 140 (where party relied on erroneous case law permitting appeal of custody orders in dissolution of marriage proceedings as final orders pursuant to Rule 304(a), court reconstrued notice of appeal as petition for leave to appeal pursuant to Rule 306(a)(5)), and *In re Alexis H.*, 335 Ill. App. 3d 1009, 1014, 783 N.E.2d 158, 163 (2002), *aff'd on other grounds*, 207 Ill. 2d 590, 802 N.E.2d 215 (2003) (recharacterizing notice of appeal as petition for leave to appeal where there was case law upon which appellant could have relied in seeking review of order denying a petition to terminate

parental rights as a final and appealable order under Rules 301 and 303, but denying leave to appeal), with *In re Alicia Z.*, 336 Ill. App. 3d 476, 493-94, 784 N.E.2d 240, 252-53 (2002) (distinguishing *Curtis B.* and refusing to recharacterize appeal pursuant to Rules 301 and 304(a) as petition for leave to appeal under Rule 306(a)(5) where "[a]t the time [the appellant] appealed from the dismissal of his motion to modify custody here, no case or statute suggested that such an order was final and appealable *** and [he] had no reason to believe that Rules 301 and 304(a) would confer jurisdiction and that his noncompliance with Rule 306 would be excused").

In the present case, petitioner was apparently confused by the new supreme court rules regarding child custody appeals when he sought review of the temporary custody order. As we noted earlier, petitioner's notice of appeal invoked both Rule 306A and Rule 306. At the time he filed his notice of appeal, there was no case law to explain the distinction between Rule 306A and Rule 306, or to explain that Rule 306A simply created expedited procedures and did not make any orders final and appealable that were not previously final and appealable. See *Sproat*, 357 Ill. App. 3d at 883 (which was decided on June 10, 2005). Thus, when petitioner filed his notice of appeal, it was not unreasonable for him to believe that he was appealing from a final order pursuant to Rule 306A (see *Sproat*, 357 Ill. App. 3d at 883), which might have led him to believe that there was no need for him to petition for leave to appeal pursuant to Rule 306(a)(5) (see *Curtis B.*, 203 Ill. 2d at 63, 784 N.E.2d at 225). However, petitioner also invoked Rule 306, which petitioner should have understood as requiring the filing of a petition for leave to appeal and a notice of interlocutory appeal. Nevertheless, because petitioner's appeal involves a question of child custody, which the supreme court has directed us to resolve "as quickly and economically as possible" (*Purdy*, 112 Ill. 2d at 4, 490 N.E.2d at 1279), we allowed petitioner's motion to treat his brief as his petition for leave to appeal pursuant to Rule 306(a)(5) and now find that petitioner's actions were sufficient to invoke our jurisdiction. See *Curtis B.*, 203 Ill. 2d at 63, 784 N.E.2d at 225; *Leopando*, 96 Ill. 2d at 120, 449 N.E.2d at 140; *Alexis H.*, 335 Ill. App. 3d at 1014, 783 N.E.2d at 163; *Melton*, 321 Ill. App. 3d at 828, 748 N.E.2d at 296; see also *Allied American Insurance Co. v. Culp*, 243 Ill. App. 3d 490, 492, 612 N.E.2d 41, 43 (1993) (treating notice of appeal filed from order granting new arbitration as petition for interlocutory appeal pursuant to Rule 306(a)(1)); *In re Marriage of Agustsson*, 223 Ill. App. 3d 510, 517, 585 N.E.2d 207, 212 (1992) (treating notice of appeal from order setting cause for new hearing as petition for leave to appeal pursuant to Rule 306(a)(1)).

However, in doing so, we observe that petitioner's error in filing a notice of appeal instead of a petition for leave to appeal coupled with a notice of interlocutory appeal has worked contrary to the goal of resolving custody questions as quickly and economically as possible. After this appeal was docketed on April 18, the matter went through briefing until the end of June, when the child's representative first raised the question of jurisdiction in its response brief. If petitioner had followed the proper procedure by filing a petition for leave to appeal in this court and a notice of interlocutory appeal in the circuit court by April 4, 2005, this matter could have been resolved months ago. Nevertheless, we believe the circumstances here warrant granting petitioner's motion to treat his brief as a petition for leave to appeal. However, in the future, we urge parties to follow the procedures set forth in Rule 306(b), which we explained above.

Once a reviewing court excuses the failure to file a petition for leave to appeal, it still must determine whether to grant the petition for leave to appeal. *Alexis H.*, 335 Ill. App. 3d at 1014, 783 N.E.2d at 163. Whether to grant the petition for leave to appeal rests within the discretion of the reviewing court. *Alexis H.*, 335 Ill. App. 3d at 1014, 783 N.E.2d at 163. Here, because petitioner's petition raises two issues of first impression regarding the role of a child's representative in a dissolution of marriage proceeding, we grant the petition. *Cf. Alexis H.*, 335 Ill. App. 3d at 1014, 783 N.E.2d at 163.

We now turn to the issues petitioner raises. First, petitioner contends that the circuit court erred in awarding respondent temporary custody based on the motion of the child's representative. Petitioner maintains that it was improper for the child's representative to bring the motion because the child's representative is not one of the persons authorized to commence a custody proceeding under section 601(b) of the Act (750 ILCS 5/601(b) (West 2004)).

■ The child's representative initially responds that petitioner has waived any argument regarding his emergency motion for a change in temporary custody because he failed to object to it. However, the rule of waiver is a limitation on the parties, and not on the reviewing court. *In re Madison H.*, 215 Ill. 2d 364, 371 (2005). Because this is a matter affecting child custody and an issue of first impression, we decline to apply the rule of waiver and will consider this issue on the merits. *Madison H.*, 215 Ill. 2d at 371.

■ We find petitioner's reliance on section 601(b) of the Act to be misplaced. The fact that section 601(b) does not give the child's representative the authority to commence custody proceedings is irrelevant here because the proceedings in the present case were properly commenced by petitioner. 750 ILCS 5/601(b)(1)(i) (West 2004).

Once the proceedings have been commenced, as the child's representative correctly points out, section 506 of the Act provides for the representation of children. 750 ILCS 5/506(a) (West 2004). Specifically, section 506 provides for representation of children in three different ways: (1) an attorney to represent the child; (2) a guardian *ad litem* to address issues the court delineates; or (3) a child's representative, "whose duty shall be to advocate what the representative finds to be in the best interests of the child after reviewing the facts and circumstances of the case." 750 ILCS 5/506(a) (West 2004).

■ Here, the office of the Cook County Public Guardian was appointed as a child's representative for Daniel. The child's representative is a hybrid of an attorney and a guardian *ad litem*. C. Gilmore, *Understanding the Illinois Child's Representative Statute*, 89 Ill. B.J. 458, 460 (2001). The statute specifically details this dual role of the child's representative, explaining that "[t]he child's representative shall have the same power and authority to take part in the conduct of the litigation as does an attorney for a party and shall possess all the powers of investigation and recommendation as does a guardian ad litem." 750 ILCS 5/506(a)(3) (West 2004).

The question here is whether the "power and authority" of the child's representative to "take part in the conduct of the litigation as does an attorney for a party" includes the ability to file motions for changes in temporary custody. Interpreting section 506(a)(3) in accordance with its plain meaning (see *Doe v. Chicago Board of Education*, 213 Ill. 2d 19, 24, 820 N.E.2d 418, 421 (2004)), the child's representative, pursuant to his powers as an attorney, must be "able and obligated to conduct necessary discovery, file appropriate pleadings, depose and present witnesses, and review experts' reports." See M. Davis & J. Yazici, 12 *Illinois Practice of Family Law* 750 5/506 (2005-06 ed.) (discussing the role of an attorney for the child in dissolution of marriage proceedings). Further, section 603(a) of the Act provides that "[a] party to a custody proceeding *** may move for a temporary custody order." 750 ILCS 5/603(a) (West 2004). Because the child's representative is to have the same power and authority to take part in the litigation as an attorney for the parties, and an attorney for the parties may move for a temporary custody order, we find that section 506(a)(3) does endow the child's representative with the authority to file motions for changes in temporary custody. If we were to hold otherwise, the child's representative would be unable to advocate for the best interest of the child during the dissolution of marriage proceedings. See 750 ILCS 5/506(a)(3) (West 2004).

■ Petitioner next contends that the circuit court erred in failing to conduct an evidentiary hearing before modifying temporary custody. We disagree.

Section 603(a) of the Act provides that where there has been no objection to a motion for temporary custody, the court may award temporary custody solely on the basis of affidavits. 750 ILCS 5/603(a) (West 2004). Here, petitioner made no objection to the emergency motion of the child's representative to give respondent temporary custody of Daniel, nor did petitioner request an evidentiary hearing on that motion. Therefore, we find no error resulting from the fact that the circuit court failed to conduct an evidentiary hearing on the motion of the child's representative. *In re Marriage of Stone*, 164 Ill. App. 3d 1046, 1050, 518 N.E.2d 402, 405-06 (1987) (finding that mother was not denied due process where circuit court awarded father temporary custody without conducting an evidentiary hearing where mother never requested one).

Accordingly, we affirm the order of the circuit court of Cook County awarding respondent temporary custody of Daniel.

Petition for leave to appeal granted; affirmed.

QUINN, P.J., and GREIMAN, J., concur.