2021 IL App (1st) 210073-U

No. 1-21-0073

Order filed November 2, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | |
| | ) | |
| SHEILA VILLCAMPA, | ) | Appeal from the Circuit |
| | ) | Court of Cook County |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | No. 16 D 9974 |
| | ) | |
| CASMIR MANYONYI MUNGAHO, | ) | |
| | ) | The Honorable D. Renee |
| Respondent-Appellee. | ) | Jackson, Judge presiding |
| | ) | |

PRESIDING JUSTICE PIERCE delivered the judgment of the court.
Justices Harris and Mikva concurred in the judgment.

**ORDER**

¶ 1   *Held:*   Appeal dismissed for lack of jurisdiction where no final judgment was entered, and appellant failed to comply with the requirements of Illinois Supreme Court Rule 306(a)(5) (eff. Oct. 1, 2020).

¶ 2   This appeal arises from a dissolution of marriage case. For the following reasons, we dismiss petitioner's appeal for lack of jurisdiction.

¶ 3                           I. BACKGROUND

¶ 4   The parties were married on August 9, 2013, and have three minor children together. On October 27, 2016, petitioner filed her petition for dissolution of marriage. On November 18, 2016, respondent filed his response. On November 28, 2016, petitioner filed a petition for allocation of parental responsibilities and parenting time.

1

¶ 5    On November 8, 2018, respondent filed an emergency motion for an order of protection against petitioner, alleging the FBI were investigating petitioner for hiring someone to kill respondent. on the same date, an *ex parte* emergency order of protection was entered and respondent was given leave to relocate with the parties' minor children from the marital residence to another location within Cook County. The emergency order continued the case to November 29, 2018, for status on the FBI investigation and for a hearing on the order of protection. An interim order of protection was entered on January 24, 2019. On May 21, 2019, the circuit court entered an agreed order terminating the interim order of protection and awarding petitioner one hour of parenting time per week at a professional supervision facility and daily phone or video calls with the minor children.

¶ 6    On December 17, 2020, the circuit court entered an order setting trial on all pending issues including dissolution of marriage, division of marital property, and allocation of parenting time and responsibilities, to commence on January 26, 2021. On January 11, 2021, petitioner filed an emergency motion to continue the trial to allow petitioner time to retain an expert to review the *guardian ad litem*'s report and prepare her own report. On January 15, 2021, petitioner filed a motion to voluntarily dismiss her petitions for dissolution of marriage and allocation of parental responsibilities. On January 19, 2021, respondent filed an emergency motion for leave to file a counter-petition for dissolution of marriage. On January 20, 2021, petitioner filed her response to respondent's emergency motion.

¶ 7    The record contains a file-stamped January 26, 2021, unsigned "order" prepared by petitioner's counsel, taking these motions under advisement, striking the trial date, and ordering petitioner to have supervised parenting time every Saturday beginning January 23, 2021, from 10:00 a.m. until 6:00 pm.

¶ 8    Petitioner filed a *pro se* notice of appeal on January 26, 2021. Petitioner's notice of appeal states that it is an interlocutory appeal from the November 8, 2018, order "and all subsequent orders." However, petitioner in her *pro se* brief focuses her argument on the January 26, 2021, order taking the motion to voluntarily dismiss under advisement.

¶ 9    On April 22, 2021, the record on appeal was filed. On May 18, 2021, petitioner filed her *pro se* brief. Respondent did not file an appearance or brief in response.

¶ 10                                II. ANALYSIS

¶ 11    We first address the issue of our jurisdiction. "A reviewing court must ascertain its jurisdiction before proceeding in a cause of action, regardless of whether either party has raised the issue." *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009).

¶ 12    "[E]xcept as specifically provided in the supreme court rules, this court is without jurisdiction to review judgments, orders and decrees that are not final." *In re Marriage of Kostusik*, 361 Ill. App. 3d 103, 108 (2005). It is clear from the record that at the time of filing this appeal, trial on the petition for dissolution of marriage and the petition for allocation of parenting time and parental responsibilities was pending. No final judgment had been entered, and petitioner's motion to voluntarily dismiss had not been ruled on by the circuit court. Accordingly, we do not have jurisdiction over this appeal under Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994). Nor do we have jurisdiction under Illinois Supreme Court Rule 304(b)(6) (eff. March 8, 2016) because no permanent custody judgment had been entered. Furthermore, the record does not contain any order dated November 8, 2018, or any order of any date that contains a special finding that the order is subject to appeal under Illinois Supreme Court Rule 304(a) (eff. March 8, 2016).

¶ 13    Petitioner's *pro se* notice of appeal is designated as "interlocutory." Interlocutory appeals as of right are governed by Illinois Supreme Court Rule 307 (eff. Nov. 1, 2017). The limited

3

circumstances where interlocutory appeals are allowed as of right include orders granting or denying an injunction, providing for or denying the appointment of a receiver, and terminating parental rights, among others. We can find no order in the record that is subject to the provisions of Rule 307.

¶ 14 Interlocutory appeals by permission are governed by Illinois Supreme Court Rule 306 (eff. Oct. 1, 2020). Rule 306(a)(5) provides that a party may petition the appellate court for leave to appeal from an interlocutory order "affecting the care and custody of or the allocation of parental responsibilities for unemancipated minors ***." Rule 306(b) provides that petitions for leave to appeal brought under Rule 306(a)(5) must be filed "within 14 days of the entry or denial of the order from which review is being sought," accompanied by an authenticated supporting record and, if appellant chooses, a legal memorandum. Ill. S. Ct. R 306(b)(1) (eff. Oct. 1, 2020). "The filing of a petition in the appellate court is a prerequisite to invoking appellate jurisdiction." *In re Alexis H.*, 335 Ill. App. 3d 1009, 1013 (2002), aff'd sub nom. *In re A.H.*, 207 Ill. 2d 590 (2003).

¶ 15 No petition for leave to appeal was ever filed in this case. Because petitioner failed to comply with this jurisdictional requirement, we find that we lack jurisdiction to consider petitioner's appeal. We therefore dismiss her appeal.

¶ 16                                        III. CONCLUSION

¶ 17 For the foregoing reasons, petitioner's appeal is dismissed.

¶ 18 Dismissed.