2022 IL App (1st) 220334-U

FIFTH DIVISION
AUGUST 19, 2022

No. 1-22-0334

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| *In* re MARRIAGE OF TIFFANY JAMISON-BATTS, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Petitioner-Appellee, | ) ) | |
| | ) | No. 12 D 2043 |
| v. | ) ) | |
| ALLEN BATTS, | ) ) | Honorable Karen J. Bowes, |
| Respondent-Appellant. | ) | Judge Presiding. |

_____

JUSTICE CUNNINGHAM delivered the judgment of the court.
Presiding Justice Delort and Justice Hoffman concurred in the judgment.

**O R D E R**

¶ 1    *Held*:  Appeal dismissed for lack of jurisdiction where no final judgment was entered and appellant failed to comply with the procedural requirements of Supreme Court Rule 306(a)(5).

¶ 2    The respondent-appellant, Allen Batts, appeals from a judgment of the Circuit Court of Cook County regarding his parenting time for the three children he shares with the petitioner-appellee, Tiffany Jamison-Batts. For the following reasons, we dismiss this appeal for lack of jurisdiction.

¶ 3                                    BACKGROUND

¶ 4      Mr. Batts and Ms. Jamison-Batts were married in 2004 and have three children together, who are all still minors. On October 15, 2012, the circuit court entered a judgment of dissolution of marriage, which awarded Ms. Jamison-Batts sole parental decision-making authority and awarded Mr. Batts "reasonable and liberal" parenting time.

¶ 5      On December 8, 2014, the trial court entered an Order of Protection against Mr. Batts, which protected Ms. Jamison-Batts but not the minor children. Nonetheless, the Order of Protection limited Mr. Batts' parenting time. Throughout the next several years, the parties engaged in litigation regarding the Order of Protection and Mr. Batts' parenting time, during which the minor children were represented by a children's representative appointed by the circuit court of Cook County. Over the course of litigation, Mr. Batts' parenting time was sometimes supervised and sometimes unsupervised. Eventually, the trial court suspended Mr. Batts' parenting time entirely and ordered reunification therapy for him and the minor children. The record reflects that parenting time with the children under the supervision of the children's representative began in December 2020 and lasted until July 5, 2021. There has been no parenting time with Mr. Batts since that date.

¶ 6      On February 10, 2021, Mr. Batts filed a petition to modify allocation of parental responsibilities. The trial court conducted hearings on the petition on April 27, April 28, July 15, and July 22, 2021. The hearings also involved other filings by the parties, including multiple petitions for rule to show cause against each other.

¶ 7      On November 8, 2021, the trial court issued a written memorandum order and opinion. The written order ruled, in relevant part:

                    "[] On the Court's own motion, since the children have previously

participated in counseling for parenting issues, Dr. Kerry Smith is appointed to assist the children to prepare for unsupervised parenting time with their father. She will provide counseling weekly for [Mr. Batts] and all 3 children beginning within 10 days of this Order (or at the earliest date depending on her schedule). Beginning the week of December 19, 2021, [Mr. Batts] shall have dinner with the children unsupervised on Wednesday evenings from 5:00 p.m. until 8:00 p.m. Beginning on January 15, 2022, in addition to the weekly dinners, [Mr. Batts] will have unsupervised parenting time with the children every other Saturday and Sunday from 10 a.m. until 6:00 p.m. Beginning on Friday, March 4, and every other weekend thereafter. [Mr. Batts'] parenting time with the children shall be overnight until Sunday at 6 p.m. The cost for Dr. Smith shall be paid equally by the parties and Dr. Smith shall remain the family counselor as long as she determines that it is beneficial to the children."

¶ 8      On January 3, 2022, Mr. Batts filed a petition for rule to show cause and for a finding of indirect civil contempt, alleging that Ms. Jamison-Batts had "failed and willfully refused" to comply with the trial court's November 8, 2021, order and had prevented Mr. Batts from having unsupervised parenting time with the children. Around the same time, Mr. Batts also filed an emergency motion to bar *ex parte* communication between Ms. Jamison-Batts and the family counselors.

¶ 9      On January 19, 2022, Mr. Batts filed an "Emergency Petition to Enforce [the] November 8, 2021, court order and for immediate commencement [of] parenting time." The emergency petition again alleged that Ms. Jamison-Batts had refused to comply with the November 8, 2021, order and had "not tendered the children for any of the court[-]ordered parenting time since

November 8, 2021." Mr. Batts argued that there was "no just reason to delay" his parenting time pursuant to the November 8, 2021, order and asked the trial court to "order and direct [Ms. Jamison-Batts] to produce the parties' children for [Mr. Batts'] parenting time as previously ordered." On January 20, 2022, Mr. Batts filed a supplemental petition for rule to show cause and for a finding of indirect civil contempt against Ms. Jamison-Batts. He repeated his allegations in the emergency petition and added the request that Ms. Jamison-Batts be ordered to pay his costs and attorney fees.

¶ 10    On January 20, 2022, the trial court entered an order directing the children's representative to contact possible therapists within 10 days, ordering both Mr. Batts and Ms. Jamison-Batts to make payments of $1,500 each to the children's representative within 14 days, and ordering Mr. Batts to pay "the balance of his bill within 30 days thereafter." The trial court then continued the matter. Mr. Batts filed a motion to reconsider the January 20, 2022, order, arguing that the trial court should reverse its order for him to make payments to the children's representative on the basis that the children's representative had failed to provide Mr. Batts with a full accounting of fees and had not kept an accurate account of his time.

¶ 11    On February 3, 2022, the trial court issued a written order on the parties' multiple filings. The order held:

> "[] [Mr. Batts'] Motion for Child Representative to Turnover Complete Itemized Billing Statements for [Mr. Batts and Ms. Jamison-Batts] is granted and the Child Representative, LESTER BARCLAY ("BARCLAY") shall turnover to counsel for [Mr. Batts] said documents by February 2, 2022.
>
> [] [Mr. Batts] shall pay to BARCLAY the sum of $1500.00 as and for fees owed by Friday, February 4, 2022.

[] [Mr. Batts'] Emergency Motion to Bar *Ex-Parte* Communications with Counselor is denied.

[] [Mr. Batts'] Emergency Petition to Enforce November 8, 2021[,] Court Order and for Immediate Commencement of Parenting time is denied.

[] [Mr. Batts'] Motion to Reconsider Court Order Entered on January 20, 2022[,] is denied.

\*\*\*

[] [Mr. Batts'] motion to disqualify Dr. [Kerry] Smith as Family Counselor and Bar Her Report is hereby continued generally.

[] [Ms. Jamison-Batts] is granted 28 days to respond to [Mr. Batts'] Supplemental Petition for Rule to Show Cause and for Finding of Indirect Civil Contempt.

[] On the Court's Motion, Ruth Krause is appointed to assist the children to prepare for unsupervised parenting time with [Mr. Batts]. Ruth Krause will provide counseling weekly for [Mr. Batts] and all 3 children beginning within 10 days of this Order. Beginning the week of March 21, 2022, [Mr. Batts] shall have dinner with the children unsupervised on Wednesday evenings from 5:00 pm until 8:00 pm and thereafter follow the terms contained in the Court's Trial Order dated November 8, 2021.

[] [Mr. Batts'] Supplemental Petition for Rule to Show Cause and for a Finding of Indirect Civil Contempt and [Ms. Jamison-Batts'] Motion to Enforce Court Order is set for status on April 11, 2022[,] via remote Zoom proceeding at 11:00 a.m.

> [] This matter is set for status on April 11, 2022[,] at 11:00 a.m. via remote
> Zoom proceedings."

¶ 12    On March 4, 2022, Mr. Batts filed a notice of appeal, challenging the trial court's orders entered on January 20, 2022, and February 3, 2022.

¶ 13                                    ANALYSIS

¶ 14    We first address the issue of our jurisdiction to hear this matter. This court has an independent duty to ensure that we have jurisdiction and to dismiss an appeal if it is lacking. *Ritchie Multi-Strategies Global, LLC By & Through Ritchie Capital Management, LLC v. Huizenga Managers Fund LLC*, 2019 IL App (1st) 182664, ¶ 11. "[E]xcept as specifically provided in the supreme court rules, this court is without jurisdiction to review judgments, orders and decrees that are not final." *In re Marriage of Kostusik*, 361 Ill. App. 3d 103, 108 (2005). And an order is final only "if it disposes the rights of the parties, either upon the entire controversy or upon some definite and separate part thereof." *O'Gara v. O'Gara*, 2022 IL App (1st) 210013, ¶ 30.

¶ 15    Here, the trial court's February 3, 2022, order was clearly not a final judgment. Although the order disposed of *some* of the parties' matters, it left other matters pending (for example, Mr. Batts' petition for rule to show cause; Mr. Batts' petition to disqualify the family counselor; and Ms. Jamison-Batts' motion to enforce the prior court order). As such, it was not a final judgment ripe for appeal. See *In re Marriage of Teymour & Mostafa*, 2017 IL App (1st) 161091, ¶ 12 (parties may only appeal from final orders disposing of every claim in a case, and our supreme court defines a claim as any right, liability, or matter raised in an action); *In re Marriage of Verdung*, 126 Ill. 2d 542, 553 (1989) (except when otherwise allowed by statute or rule, a reviewing court may only review *final judgments* that dispose of an entire action).

¶ 16    It is true that Rule 306(a)(5) (eff. Oct. 1, 2020) provides that a party may petition, this

court, for leave to appeal from an interlocutory order "affecting the care and custody of or the allocation of parental responsibilities for unemancipated minors." Importantly however, Rule 306(b) provides that petitions for leave to appeal brought under Rule 306(a)(5) must be filed "within 14 days of the entry or denial of the order from which review is being sought," accompanied by an authenticated supporting record and, if appellant chooses, a legal memorandum. Ill. S. Ct. R 306(b)(1) (eff. Oct. 1, 2020). "The filing of a petition in the appellate court [for leave to appeal] is a prerequisite to invoking appellate jurisdiction." *In re Alexis H.*, 335 Ill. App. 3d 1009, 1013 (2002), aff'd sub nom. *In re A.H.*, 207 Ill. 2d 590 (2003).

¶ 17    No petition for leave to appeal was filed in this case, let alone within 14 days of entry of the order being appealed. Instead, Mr. Batts merely filed a standard notice of appeal on March 4, 2022. This was insufficient to comply with the jurisdictional requirements as required by the relevant supreme court rules. "The Illinois Supreme Court commands strict compliance with its rules governing appeals and neither a circuit nor an appellate court has the authority to excuse compliance with the filing requirements mandated by such rules." *Clark v. Han*, 272 Ill. App. 3d 981, 984 (1995). Consequently, this court lacks jurisdiction to consider this matter. We therefore dismiss this appeal for lack of jurisdiction.

¶ 18                                                    CONCLUSION

¶ 19    For the foregoing reasons, we dismiss this appeal for lack of jurisdiction.

¶ 20    Dismissed.