2026 IL App (1st) 241337-U

FOURTH DIVISION
Order Filed: March 31, 2026

Nos. 1-24-1337, 1-24-1992 cons.

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| *In re* The Marriage of: | ) | Appeal from the |
| | ) | Circuit Court of |
| JAMILA ALDASHEVA, | ) | Cook County. |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | No. 19 D 2943 |
| and | ) | |
| | ) | |
| BRIAN SEXTON, | ) | Honorable |
| | ) | Naomi Schuster, |
| Respondent-Appellant. | ) | Judge Presiding. |

JUSTICE LYLE delivered the judgment of the court.
Presiding Justice Navarro and Justice Ocasio concurred in the judgment.

**ORDER**

¶ 1        *Held*: The court lacks jurisdiction in appeal No. 1-24-1337 and appellant failed to file a record on appeal in appeal No. 1-24-1992. Therefore, both appeals are dismissed.

¶ 2        In April 2019, petitioner-appellee, Jamila Aldasheva, filed a petition for dissolution of her marriage to respondent-appellant, Brian Sexton. During the pendency of the proceedings, Mr. Sexton filed a notice of appeal on June 26, 2024 (appeal No. 1-24-1337), and subsequently filed another notice of appeal on October 21, 2024 (appeal No. 1-24-1992). On appeal, Mr. Sexton

argues: (1) the circuit court made several errors when finding him in contempt; (2) the circuit court violated his procedural rights; (3) the circuit court did not allow him to have the counsel of his choice; (4) the circuit erred by not granting his motion for substitution of judge; (5) the circuit court erroneously denied his motion to vacate a temporary restraining order against him; and (6) he was entitled to a mistrial based on the violations of his due process. For the following reasons, we dismiss the appeals in appeal Nos. 1-24-1337 and 1-24-1992.

¶ 3                                     BACKGROUND

¶ 4        Ms. Aldasheva and Mr. Sexton were married in July 2011 and have one daughter together. In April 2019, Ms. Aldasheva filed a petition for dissolution of the marriage and an emergency petition for an order of protection for her and her daughter, who was 5 years old at the time, against Mr. Sexton. In the petition for the order of protection, she alleged that Mr. Sexton was physically and emotionally abusing her, suffering from mental health issues, and abusing prescription drugs. The trial court granted the order of protection, which was extended for a year.

¶ 5        The parties agreed to a parental time allocation agreement, wherein Ms. Aldasheva was given the majority of the parental time with their daughter. On July 20, 2021, the court entered an order requiring the sale of the marital residence. Ms. Aldasheva filed numerous motions to force Mr. Sexton to sale the property, as she felt that despite the court's July 2021 order, Mr. Sexton was not sincerely making efforts to sell it. On September 13, 2022, the trial court entered an order granting Ms. Aldasheva sole decision-making over the sale of the marital residence, allowing Mr. Sexton to stay there if he complied with property showings and kept the residence in a clean and proper condition. On February 21, 2023, Ms. Aldasheva filed an emergency petition for rule to show cause against Mr. Sexton, alleging Mr. Sexton willfully violated the court's September 13, 2022, order by destroying the marital residence, removing light fixtures, appliances, and removing

the showerheads from the showers. On February 21, 2023, the court issued the rule against Mr. Sexton and scheduled a hearing for February 24, 2023.

¶ 6       While no court reporter was present during the February 24, 2023, hearing, a bystander's report was certified in a previous appeal (1-23-0562). While Mr. Sexton was testifying during the hearing, he was granted leave to look at his phone to refresh his recollection about his last visit to the marital residence. While he was using his phone to refresh his recollection, Ms. Aldasheva's attorney told the court that he was deleting things contained in his phone. The trial court told him to put down his phone on the witness ledge. However, since he was not doing so quick enough, the court directed the sheriff to take possession of his phone. The court held Mr. Sexton in direct criminal contempt for his failure to follow the court's instructions, and Mr. Sexton was sentenced to three days in jail. When the hearing resumed three days later, the court found Mr. Sexton in indirect civil contempt for failing to comply with the September 13, 2022, order requiring Mr. Sexton to keep the marital residence clean and not cause any damage. The court did not set a purge condition, stayed his commitment, and continued the matter to March 17, 2023. On March 17, 2023, the court continued the issue of Mr. Sexton purging the contempt finding until March 27, 2023. On March 27, 2023, Mr. Sexton filed a notice of appeal (1-23-0562).

¶ 7       Ms. Aldasheva filed a motion to dismiss Mr. Sexton's appeal. This court granted that motion and dismissed the appeal as to his indirect civil contempt finding. On June 5, 2024, the trial court granted Ms. Aldasheva's motion for a protective order due to Mr. Sexton's motion to reopen and rehear the order of protection which contained private information of Ms. Aldasheva including her phone number and salary. In that order, the court also *sua sponte* struck and impounded Mr. Sexton's filings from May 22, 2024, May 23, 2024, and May 30, 2024.

¶ 8        From June 11, 2024, to June 18, 2024, Mr. Sexton filed multiple pleadings and motions *pro se* despite being represented by an attorney at the time. On June 20, 2024, the trial court entered an order striking and impounding the *pro se* pleadings and barring Mr. Sexton from filing further *pro se* documents. That filing bar did not apply to his counsel of record, however. On June 24, 2024, Mr. Sexton's attorney filed a motion to withdraw because of a fee dispute stating that he had not been paid by Mr. Sexton for almost 12 months. On June 25, 2024, the court entered an order, reappointing a guardian *ad litem* over Mr. Sexton's objection and a separate order continuing a hearing on a petition for an order of protection.

¶ 9        On June 26, 2024, Mr. Sexton filed a notice of appeal (No. 1-24-1337), appealing from the orders of June 5, 2026, June 20, 2024, June 25, 2024, and June 26, 2024. On June 27, 2024, Mr. Sexton filed an amended notice of appeal, wherein he appealed from the same orders.

¶ 10        On October 7, 2024, Mr. Sexton filed another notice of appeal (No. 1-24-1992), appealing orders from September 6, 2024, October 1, 2024, and October 4, 2024. A record on appeal was not filed in that case and this court has not been presented with the substance of those orders. On October 21, 2024, while both matters were pending before this court, Mr. Sexton filed a motion to consolidate appeal No. 1-24-1337 and appeal No. 1-24-1992. On October 24, 2024, this court granted that motion.

¶ 11                                    ANALYSIS

¶ 12        "[C]ourts of review have an independent duty to consider jurisdiction." *People v. Lewis*, 234 Ill. 2d 32, 36 (2009). Jurisdiction grants a court of review the power to interpret and apply the law. *In re M.W.*, 232 Ill. 2d 408, 414 (2009).

4

¶ 13    "A notice of appeal confers jurisdiction on an appellate court to consider only the judgments or parts of judgments specified in the notice." *People v. Lewis*, 234 Ill. 2d 32, 37 (2009).

¶ 14    Accordingly, we can only review the orders Mr. Sexton included in his notices of appeal. The June 5, 2024, order was a protective order to keep records confidential, and the June 20, 2024, order struck Mr. Sexton's *pro se* pleadings because he was represented by an attorney. The June 25, 2024, order was an appointment order for the guardian *ad litem*, and nothing in the record indicates an order was filed on June 26, 2024. We note Mr. Sexton brought up his desire to fire his attorney, dismiss the guardian *ad litem*, obtain a substitution of the trial judge and other issues in his prayer for relief in the notice of appeal as well. However, he does not cite the dates for any of those orders he would like to appeal from that are not contained in the dates of orders specified in his notice of appeal.

¶ 15    "A petition for dissolution advances a single claim; that is, a request for an order dissolving the parties' marriage." *In re Marriage of Leopando*, 96 Ill. 2d 114, 119 (1983). "However, a dissolution proceeding involves numerous ancillary issues, including property disposition and support, and thus do not represent 'separate, unrelated claims,' but rather, 'separate issues relating to the same claim.' " *In re Marriage of Lugo*, 2025 IL App (1st) 231478, ¶ 68. "It is well-established that except as specifically provided in the supreme court rules, this court is without jurisdiction to review judgments, orders and decrees that are not final." *In re Marriage of Kostusik*, 361 Ill. App. 3d 103, 108 (2005).

¶ 16    As Mr. Sexton admitted in his brief, at the time of the notice of appeal was filed for appeal No. 1-24-1337, the dissolution proceedings were ongoing. Therefore, the notice of appeal could not be from a final order. Also, even applying a liberal interpretation of Mr. Sexton's

notice of appeal in that case, none of the orders he referenced either by date or relief sought fall under our supreme court rules conveying jurisdiction for interlocutory appeals. See Ill. S. Ct. R 306 (eff. Oct. 1, 2020); Ill. S. Ct. R 307 (eff. Nov. 1, 2017); Ill. S. Ct. R 308 (eff. Oct. 1, 2019).

¶ 17 Mr. Sexton, in his reply brief, seemingly concedes that none of the orders contained in his notice of appeal are final and appealable but argues they are inextricably tied to injunctive orders in the case, which are immediately appealable. Even if that was true that the orders were linked to an injunctive order, in appeal No. 1-24-1337, Mr. Sexton did not reference any such injunctive orders in his notice of appeal. Therefore, we find we do not have jurisdiction to consider that appeal, and appeal No. 1-24-1337 is dismissed.

¶ 18 Turning to appeal No. 1-24-1992, Mr. Sexton never filed a record regarding that matter. The orders he cites in his notice of appeal came after the record was filed in his June 2024 appeal, and we have no indication what the substance of those orders are. It has been over a year since that case was docketed, and Mr. Sexton has not filed a motion explaining the delay in filing a record on appeal or taken any steps to remedy that issue. While we will not say he has abandoned the case, as Ms. Aldasheva has stated, we cannot assess our jurisdiction or grant any sort of relief without the record. As a result, we dismiss appeal No. 1-24-1992 on this court's own motion.

¶ 19 CONCLUSION

¶ 20 For the foregoing reasons, we dismiss the appeals.

¶ 21 No. 1-24-1337, Appeal dismissed.

¶ 22 No. 1-24-1992, Appeal dismissed.