2026 IL App (1st) 241687-U

FOURTH DIVISION
Order Filed: May 21, 2026

No. 1-24-1687

NOTICE: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| LENNETTE MEREDITH | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiffs-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 M 1013854 |
| | ) | |
| ORADENT ASSOCIATES | ) | Honorable |
| | ) | Kerrie Maloney Laytin, |
| Defendants-Appellee. | ) | Judge Presiding. |

_____

JUSTICE LYLE delivered the judgment of the court.
Presiding Justice Navarro and Justice Ocasio concurred in the judgment.

ORDER

¶ 1    *Held*:   The appellate court lacks jurisdiction to consider this appeal.

¶ 2    On September 5, 2023, plaintiff-appellant, Lennette Meredith, filed a complaint against defendant-appellee, Oradent Associates, alleging the company did not provide her with a working denture and refused to provide her with a refund. On August 22, 2024, prior to the entry of the judgment on award of arbitration, Ms. Meredith filed her notice of appeal. On appeal, Ms. Meredith

argues that the arbitrator's award should be overturned. For the reasons that follow, we dismiss the appeal for lack of jurisdiction.

¶ 3                                    BACKGROUND

¶ 4     On September 5, 2023, Ms. Meredith filed a complaint against Oradent Associates, alleging that she was given defective dentures. She claimed a tooth broke off within six months of the completion of the casting and she had to go to another dentist multiple times to get the dentures repaired. On December 6, 2023, the trial court entered an order of default against Oradent Associates. On December 19, 2023, Oradent Associates filed a motion to vacate the default, which the trial court granted, vacating the default.

¶ 5     On January 31, 2024, the trial court entered an order assigning the matter to mandatory arbitration. On July 17, 2024, the award of the arbitrators found in favor of Oradent Associates. On August 22, 2024, Ms. Meredith filed her notice of appeal. On August 28, 2024, the trial court entered the judgment on the award of arbitration.

¶ 6                                     ANALYSIS

¶ 7     "[C]ourts of review have an independent duty to consider jurisdiction." *People v. Lewis*, 234 Ill. 2d 32, 36 (2009). Jurisdiction grants a court of review the power to interpret and apply the law. *In re M.W.*, 232 Ill. 2d 408, 414 (2009). Unless there is a properly filed notice of appeal, we lack jurisdiction over the matter and must dismiss the appeal. *American Accounting Ass'n*, 2014 IL 117293, ¶ 8.

¶ 8     "It is well-established that except as specifically provided in the supreme court rules, this court is without jurisdiction to review judgments, orders and decrees that are not final." *In re Marriage of Kostusik*, 361 Ill. App. 3d 103, 108 (2005). The timeliness of a notice of appeal is

governed by our supreme court rules. *American Accounting Ass'n*, 2014 IL 117293, ¶ 9. Rule 303(a)(1) (eff. July 1, 2017) requires a party in a civil case to file a notice of appeal with the clerk of the circuit court "within 30 days after the entry of the final judgment appealed from."

¶ 9    Ms. Meredith filed her notice of appeal six days prior to the judgment on the award of arbitration, which was the final judgment since Ms. Meredith did not file a rejection of the award. As a result, Ms. Meredith did not file a timely notice of appeal, and consequently we do not have jurisdiction to consider this appeal.

¶ 10                                    CONCLUSION

¶ 11    For the foregoing reasons, we dismiss the appeal for lack of jurisdiction.

¶ 12    Appeal dismissed.