*In re* MARRIAGE OF STELLA SPROAT, Petitioner-Appellant, and HOWARD E. SPROAT, Respondent-Appellee.

Second District No. 2—04—1080

Opinion filed June 10, 2005.

Aldo E. Botti and Carla Labunski, both of Botti, Marinaccio & DeLongis, Ltd., of Oak Brook, for appellant.

Robert G. Black, of Law Offices of Robert G. Black, of Naperville, and Linda E. Davenport, of Fortunato, Farrell, Davenport & Arnold, Ltd., of Westmont, for appellee.

JUSTICE KAPALA delivered the opinion of the court:

Petitioner, Stella Sproat, appeals from the September 28, 2004, order of the circuit court of Du Page County awarding sole custody of the parties' two minor children to respondent, Howard E. Sproat. However, because the order reserved the issues of property distribution, classification of nonmarital and marital property, maintenance, child support, and attorney fees, it was not a final and appealable order. Petitioner also appeals from the order entered on October 22, 2004, denying her motion to reconsider the custody decision, but the record is clear that the reserved issues had not yet been tried at the time this order was entered. Although the parties have not raised the question, we have a duty to consider *sua sponte* our jurisdiction in this case (*In re Adoption of Ginnell*, 316 Ill. App. 3d 789, 790 (2000)), and we find it lacking.

At issue is the interpretation of Supreme Court Rule 306A (210 Ill. 2d R. 306A), which provides for expedited appeals in child custody cases. Petitioner's statement of jurisdiction submits that we have jurisdiction to hear this appeal pursuant to Supreme Court Rule 301 (155 Ill. 2d R. 301) and Rule 306A. Rule 301 governs appeals from cases in which the final order has disposed of the entire controversy. *Ginnell*, 316 Ill. App. 3d at 791. Clearly, the trial court's order reserving all issues except that of custody did not dispose of the entire controversy. Therefore, the question is whether Rule 306A bestows jurisdiction on this court in the absence of a final order. We hold that it does not. Rule 306A is titled "Expedited Appeals in Child Custody Cases," and paragraph (a) provides in relevant part:

> "(a) The expedited procedures in this rule shall apply in the following child custody cases: (1) initial final child custody orders, (2) orders modifying child custody where a change of custody has been granted, (3) final orders of adoption and (4) final orders terminating parental rights." 210 Ill. 2d R. 306A.

"The same construction rules that apply to statutes apply to supreme court rules." *Irwin v. McMillan*, 322 Ill. App. 3d 861, 868 (2001). "When interpreting the supreme court rules, we must ascertain and give effect to the supreme court's intent." *Irwin*, 322 Ill. App. 3d at 869. "In determining the supreme court's intent, the reviewing court should first look to the language of the rule and consider each part of the rule in relation to the rest of the rule." *Irwin*, 322 Ill. App. 3d at 869. "The courts should also consider the reason and necessity for the rule, the evil to be remedied, and the purpose of the rule." *Irwin*, 322 Ill. App. 3d at 869. Before delving into the language of Rule 306A, we review the state of the law as it

preceded the rule, with an eye to determining whether Rule 306A mandates a departure from prior case law.

Our supreme court in *In re Marriage of Leopando*, 96 Ill. 2d 114, 119 (1983), held that an order dissolving the parties' marriage in which permanent custody was awarded to the defendant was not appealable, because it reserved for future consideration the issues of maintenance, property division, and attorney fees. "For a number of reasons, we do not believe that a custody order constitutes a final judgment as to a separate claim in a dissolution proceeding." *Leopando*, 96 Ill. 2d at 118. The court held that a petition for dissolution advances a single claim, that is, a request for an order dissolving the parties' marriage. *Leopando*, 96 Ill. 2d at 119. The numerous other issues involved, such as custody, property disposition, and support, are matters that are ancillary to the cause of action. *Leopando*, 96 Ill. 2d at 119. "They do not represent separate, unrelated claims; rather, they are separate issues relating to the *same* claim." (Emphasis in original.) *Leopando*, 96 Ill. 2d at 119. For these reasons, as well as a policy decision to discourage piecemeal appeals, our supreme court held that Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)) could not be utilized to appeal a custody order where the remaining issues in the dissolution proceeding lingered unresolved. *Leopando*, 96 Ill. 2d at 120. *Leopando* dictated that appeals of interlocutory custody orders be brought pursuant to Supreme Court Rule 306(a)(1)(v) (166 Ill. 2d R. 306(a)(1)(v)). *Leopando*, 96 Ill. 2d at 120.

In *Shermach v. Brunory*, 333 Ill. App. 3d 313, 317 (2002), the appellate court found that it lacked jurisdiction where the order modifying custody did not adjudicate all of the claims raised by the petitioner. The petitioner asked the court to award temporary and permanent custody, order the respondent to pay child support, and set a visitation schedule. *Shermach*, 333 Ill. App. 3d at 317. The order appealed resolved the issues of permanent custody and visitation but not child support. *Shermach*, 333 Ill. App. 3d at 317. While the order set child support at 20% of the respondent's net income from all sources, it reserved the dollar amount for a future determination. *Shermach*, 333 Ill. App. 3d at 317. The appellate court held that the determination of a noncustodial parent's support obligation is integrally related to the determination of custody. *Shermach*, 333 Ill. App. 3d at 319. "We see no compelling reason for allowing piecemeal appeals when the matter of child support has only been partially determined by the trial court." *Shermach*, 333 Ill. App. 3d at 320. The court dismissed the appeal. *Shermach*, 333 Ill. App. 3d at 320.

*In re Marriage of Sassano*, 337 Ill. App. 3d 186 (2003), also sup-

ports our view that the custody order in our case is not appealable. In *Sassano*, this court held that the judgment of dissolution was final and appealable precisely because "it did not reserve any issues for later determination." *Sassano*, 337 Ill. App. 3d at 192. In the case at bar, paragraph D of the judgment order provided: "The remaining issues of property distribution, classification of non-marital and marital property, maintenance, child support and attorneys fees are reserved." This reservation, especially of child support, brings this case squarely within the rule in *Shermach*.

Turning now to the language of Rule 306A, our case falls into the first enumerated category in paragraph (a), namely, "initial final custody orders." The question is whether the word "final" inserted into that paragraph is an expression that *Leopando*, which stated that a custody order is interlocutory (*Leopando*, 96 Ill. 2d at 118), is no longer viable. For the following reasons, we believe that it is not. First, the rule addresses only new procedures that are to be followed by the appellate court and the trial courts in ensuring an expedient review of child custody cases. Paragraphs (b) through (i) prescribe matters of procedure at length. We believe that our supreme court's intent in promulgating the rule was to alleviate the effect of uncertainty on the parties, and particularly the children who are the subjects of the orders, during the pendency of the review by shortening the period of review, and to promote stability for these families insofar as possible by mandating swift rulings. Second, nowhere in the language of the rule does our supreme court evince an intent to undo its policy of discouraging piecemeal appeals. Third, if our supreme court intended to overrule *Leopando*'s holding that the separate aspects of a dissolution proceeding are all one claim and, therefore, not subject to a Rule 304(a) finding, which would allow an appeal of the custody order only, the court would have amended Supreme Court Rule 304(b) (155 Ill. 2d R. 304(b)) to make a custody order appealable without a special finding. Fourth, Supreme Court Rule 306(a)(5) (166 Ill. 2d R. 306(a)(5)), which allows an appellant to seek leave to appeal from interlocutory custody orders, provides a remedy for a party who believes that an interlocutory custody order should be appealed before the resolution of the entire marriage dissolution case. We note that petitioner did not file a petition for leave to appeal pursuant to Rule 306(a)(5) nor did she follow any of the procedures for doing so as prescribed in Supreme Court Rule 306(b) (210 Ill. 2d R. 306(b)). Fifth, nothing in the clear language of Rule 306A indicates to us that the supreme court intended to create new or expanded categories of appealable orders.

In her notice of appeal, petitioner has also designated the October 22, 2004, order denying her motion for stay pending appeal. Because we dismiss this appeal for want of jurisdiction, we have no occasion to consider the ruling on the motion for stay.

Appeal dismissed.

BOWMAN and HUTCHINSON, JJ., concur.