# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Knox v. Taylor*, 2012 IL App (2d) 110686

---

| | |
|---|---|
| Appellate Court Caption | CHRISTOPHER KNOX, Plaintiff-Appellant, v. GLADYSE TAYLOR, Defendant-Appellee. |
| District & No. | Second District<br>Docket No. 2-11-0686 |
| Filed | September 20, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Plaintiff's appeal was dismissed due to his failure to supply the appellate court with a certified record on appeal. |
| Decision Under Review | Appeal from the Circuit Court of Lee County, No. 09-MR-37; the Hon. Daniel A. Fish, Judge, presiding. |
| Judgment | Appeal dismissed. |

Counsel on Appeal

Christopher Knox, of Tamms, appellant *pro se*.

Lisa Madigan, Attorney General, of Chicago (Michael A. Scodro, Solicitor General, and Sharon A. Purcell, Assistant Attorney General, of counsel), for appellee.

Panel

PRESIDING JUSTICE JORGENSEN delivered the judgment of the court, with opinion.

Justices Hutchinson and Schostok concurred in the judgment and opinion.

**OPINION**

¶ 1 On July 22, 2011, Christopher Knox filed a notice of appeal in Lee County case No. 09-MR-37. He listed himself as the plaintiff and listed the Department of Corrections (Department) and Gladyse Taylor, then acting director of the Department, as the defendants. Knox never caused the clerk to file an appellate record, but instead has himself filed what he represents to be copies of a selection of documents in the case. Because the absence of a record prevents us from even deciding whether we have jurisdiction, we must dismiss the appeal.

¶ 2 The absence of a certified record is fatal to this appeal. "An appellate court may not consider documents that are not part of the certified record on appeal." *Kensington's Wine Auctioneers & Brokers, Inc. v. John Hart Fine Wine, Ltd.*, 392 Ill. App. 3d 1, 14 (2009); see also Ill. S. Ct. R. 324 (eff. May 30, 2008) (concerning the clerk's preparation and certification of the record on appeal). This court thus does not have here any usable record before it, only unofficial copies of the selected documents.

¶ 3 We cannot determine whether we have jurisdiction here. A reviewing court has a duty to consider its own jurisdiction and dismiss the appeal if jurisdiction is absent. *Lebron v. Gottlieb Memorial Hospital*, 237 Ill. 2d 217, 251-52 (2010). By failing to supply a record, Knox has prevented us from fulfilling that duty. Moreover, on the merits, we lack the information needed even to speculate concerning what errors might or might not have occurred.

¶ 4 For the reasons stated, we dismiss the appeal.

¶ 5 Appeal dismissed.