2024 IL App (1st) 230742-U

No. 1-23-0742

Order filed March 7, 2024

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| HOME TEAM DETROIT 2 LLC d/b/a HELIX HOMES AMERICA ILLINOIS 2018, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 22 M1 714110 |
| DUANE M. JONES, | ) ) ) | Honorable James A. Wright, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Rochford and Justice Ocasio concurred in the judgment.

**ORDER**

¶ 1 *Held*: Appeal dismissed where defendant failed to provide a sufficiently complete record on appeal to establish this court's jurisdiction.

¶ 2 Defendant Duane M. Jones appeals *pro se* from an order of the circuit court that is not included

in the record on appeal, but which, according to defendant, denied his motion to "vacate the sheriff

eviction" and prohibit plaintiff, Home Team Detroit 2 LLC d/b/a Helix Homes America Illinois

2018, from sending "fraudulent notices" to his residence. On appeal, defendant requests that "this egregious flagrant violation of the law be corrected justifiably." We dismiss.

¶ 3 This appeal arises from an eviction proceeding involving a property located at 3143 South Giles Avenue in Chicago (property). The record on appeal does not include a report of proceedings. The following background is derived from the common law record.[1]

¶ 4 On September 9, 2022, plaintiff filed an eviction complaint against "ALL UNKNOWN OCCUPANTS" of the property. An affidavit executed by an attorney for plaintiff, file-stamped that same day, states that on or around April 1, 2020, plaintiff purchased the property from U.S. Bank National Association (U.S. Bank). The attorney averred that plaintiff "never entered into a lease agreement" with the occupants, "had no knowledge" that the occupants occupied the property, and did not receive rent from the occupants, who did not comply with a notice to vacate.

¶ 5 On December 5, 2022, the circuit court entered an order that identified Jones as the defendant and referred the matter to the Early Resolution Program (ERP). An order dated January 30, 2022, reflects that the matter was "[n]ot [s]ettled" in the ERP.

¶ 6 On February 16, 2023, the circuit court entered a default order providing that all unknown occupants must vacate the property on or before February 23, 2023. The order reflects that only plaintiff's counsel attended the eviction hearing. That same day, the circuit court entered an "EX

---

[1] In their briefs on appeal, both parties provide factual backgrounds containing information *de hors* the record on appeal. We limit our recitation of the facts to the content of the record on appeal. See *Gehrett v. Chrysler Corp.*, 379 Ill. App. 3d 162, 171 (2008) (where party's brief included information *de hors* the record on appeal, this court "disregarded any improper information" and disposed of the case "based entirely on information contained in the record").

PARTE ORDER" stating that the unknown occupants had received "[d]ue notice" and that the matter would be stayed until February 23, 2023.

¶ 7 On April 19, 2023, defendant filed a motion to vacate the eviction order and prohibit plaintiff from sending "fraudulent notices" to his home, arguing that he and his wife owned the property "free & clear."

¶ 8 On April 21, 2023, plaintiff filed a response asserting that defendant did not own the property "free and clear." Instead, plaintiff reiterated that it had purchased the property from U.S. Bank on April 1, 2020. According to plaintiff, a court granted U.S. Bank possession of the property on March 31, 2014, and U.S. Bank received a judicial sale deed for the property on April 22, 2015, following a foreclosure action against defendant. Plaintiff posited that defendant "knew of the foreclosure action and appeared in court many times to argue against the foreclosure." Moreover, plaintiff asserted that defendant's motion to vacate was untimely filed more than 30 days after entry of the eviction order.

¶ 9 The case summary entry for April 24, 2023, states that an "Emergency Motion Hearing" occurred that day. The record on appeal, however, does not contain an order entered on April 24, 2023. That same day, defendant filed a notice of appeal which identified the date of judgment as April 24, 2023, and included checked boxes indicating that defendant sought to "reverse" and "vacate" the judgment.

¶ 10 On May 10, 2023, defendant filed an emergency motion to stay the eviction with this court, which this court denied on the same day.

¶ 11 On appeal, defendant contends that the circuit court erred by denying his motion to "vacate the sheriff eviction" and prohibit plaintiff from sending "fraudulent notices" to his home because

the mortgage loan on the property was paid in full, and he was not served by the Sheriff's Department and was denied the opportunity to present ownership documentation to the court.

¶ 12 At the outset, our review of defendant's appeal is hindered by his failure to fully comply with Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020), which "governs the form and content of appellate briefs" (*McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12). Illinois Supreme Court Rule 341(h)(6) states that an appellant's brief should contain a statement of "the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal." Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020). Here, defendant's statement of facts, which is titled "Background," does not cite to the record on appeal and contains arguments regarding issues from the foreclosure action in violation of Rule 341(h)(6).

¶ 13 Additionally, defendant's argument section fails to comply with Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020). The argument section of an appellant's brief "shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Here, defendant's two-page brief does not contain an argument section but sets forth various arguments without providing a cohesive legal argument and fails to cite to any legal authority and the record on appeal. Arguments that fail to comply with Rule 341(h)(7) "do not merit consideration on appeal and may be rejected by this court for that reason alone." *Wells Fargo Bank, N.A. v. Sanders*, 2015 IL App (1st) 141272, ¶ 43. This court has the discretion to strike defendant's brief and dismiss the appeal for failure to comply with Rule 341(h) (*Wing v. Chicago Transit Authority*, 2016 IL App (1st) 153517, ¶ 11), but we choose not to dismiss the appeal on this ground.

¶ 14 That said, deficiencies in the record preclude us from reaching the merits of defendant's appeal because we are unable to ascertain our jurisdiction.

¶ 15 This court has an independent duty to consider its jurisdiction. *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009). "A reviewing court must be certain of its jurisdiction prior to proceeding in a cause of action." *R.W. Dunteman Co. v. C/G Enterprises, Inc.*, 181 Ill. 2d 153, 159 (1998).

¶ 16 As the appellant, it is defendant's burden to provide this court with a sufficiently complete record on appeal (*Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984)), including a record sufficient to establish our jurisdiction to consider his appeal (*U.S. Bank National Ass'n v. In Retail Fund Algonquin Commons, LLC*, 2013 IL App (2d) 130213, ¶ 24 (citing Ill. S. Ct. R. 341(h)(4) (eff. July 1, 2008))). The record on appeal must reveal the basis for appellate jurisdiction. *Tunca v. Painter*, 2012 IL App (1st) 093384, ¶ 25. Any doubt arising from the incompleteness of the record is resolved against defendant. *Foutch*, 99 Ill. 2d at 391-92. We cannot presume that we have authority to decide an appeal on the basis of a record insufficient to show our jurisdiction. *McCorry v. Gooneratne*, 332 Ill. App. 3d 935, 941 (2002). When jurisdiction cannot be ascertained, we must dismiss the appeal. *Knox v. Taylor*, 2012 IL App (2d) 110686, ¶ 3.

¶ 17 A notice of appeal must be filed within 30 days of "entry of the final judgment appealed from," or, if a timely postjudgment motion is filed, 30 days from entry of the order disposing of the last postjudgment motion. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). A postjudgment motion, in turn, must be filed within 30 days of the final judgment. 735 ILCS 5/2-1203(a) (West 2022).

¶ 18 Here, the circuit court entered the eviction order on February 16, 2023. Defendant filed an untimely motion to vacate the eviction on April 19, 2023, which, according to the parties, the circuit court denied on April 24, 2023. That same day, defendant filed a notice of appeal purporting to

appeal from the order of April 24, 2023. The record on appeal, however, lacks a copy of an order dated April 24, 2023. The order is not mentioned in the case summary, and defendant, as appellant, has not provided a report of proceedings or substitute therefor for that date. Ill. S. Ct. R. 321 (eff. Oct. 1, 2021), R. 323 (eff. July 1, 2017). As the record on appeal does not substantiate when or whether the circuit court entered the judgment that defendant purports to appeal, we are unable to ascertain our jurisdiction and, therefore, must dismiss this appeal. See *Knox*, 2012 IL App (2d) 110686, ¶ 3; *McCorry*, 332 Ill. App. 3d at 941.

¶ 19       For the foregoing reasons, we dismiss this appeal.

¶ 20       Dismissed.