2024 IL App (1st) 231619-U

No. 1-23-1619

Order filed August 7, 2024

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| FOREST GLEN CONDO ASSOCIATION, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 22 CH 9805 |
| | ) | |
| MARIO MORRIS, | ) | Honorable |
| | ) | William Sullivan, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE D.B. WALKER delivered the judgment of the court.
Presiding Justice Reyes and Justice Lampkin concurred in the judgment.

**ORDER**

¶ 1     *Held*:  We dismiss the instant appeal where defendant failed to provide a sufficiently complete record to establish this court's jurisdiction.

¶ 2     Defendant Mario Morris appeals *pro se* from an order that is not included in the record on appeal, but which, according to defendant, "granted judgment in favor of plaintiff," Forest Glen

Condo Association.[1] On appeal, defendant requests that this court "void" or "reverse" the judicial sale of his condominium unit and "return possession" to his trust.

¶ 3　This appeal arises from a lien foreclosure proceeding involving a condominium unit located in Lansing (unit). The record on appeal does not include a report of proceedings. The following background is derived from the common law record.[2]

¶ 4　On October 3, 2022, plaintiff filed a lien foreclosure complaint against defendant and all unknown owners and non-record claimants of the unit. According to the complaint, on February 24, 2022, plaintiff recorded a lien on the unit for $25,203.46 "plus subsequent unpaid assessments and fees." An affidavit of service on defendant was filed on November 18, 2022, indicating personal service at the unit on October 23, 2022. On January 18, 2023, the court entered an order of default and a judgment of foreclosure and sale in the amount of $34,907.08 indicating the right to redeem would expire on May 23, 2023. Defendant filed an emergency motion for an order to stay the sale on May 23, 2023. The motion was denied the same day because the court found no emergency. It appears from the record that a judicial sale of the unit was held on May 24, 2023, at which time a third-party buyer purchased the unit.

¶ 5　On May 25, 2023, plaintiff filed a motion for an order confirming the sale and for an eviction order. Defendant then filed a motion to stay the judgment on June 2, 2023, alleging that

---

[1] The original complaint also identified "Unknown Owners" and "Non-Record Claimants" as defendants; these were ultimately dismissed from the action. Defendant's notice of appeal dated September 8, 2023, identified "3C Private Trust" as a defendant, but the record does not reflect that this entity was a party to the litigation.

[2] In his brief on appeal, defendant provides factual background containing information *dehors* the record on appeal. We limit our recitation of the facts to the content of the record on appeal. See *Gehrett v. Chrysler Corp.*, 379 Ill. App. 3d 162, 171 (2008) (where party's brief included information *de hors* the record on appeal, this court "disregarded any improper information" and disposed of the case "based entirely on information contained in the record").

plaintiff "has not given notice to the trust." The trial court set the motions for hearing by videoconference on August 11, 2023.

¶ 6 On July 13, 2023, defendant filed a motion for discovery stating that plaintiff claimed to have legal title to the unit "via" South Holland Trust and Savings Bank, an entity "which has been closed for 20 years," that plaintiff did not "give notice to the proper person" as the unit was held in trust, and that plaintiff had not shown any "contract obligation" that defendant had to follow. On the same day, defendant filed an answer in which he denied certain allegations and included a copy of a certificate of publication from the Chicago Sun-Times which he labeled "Proof of Notice Property Held in Trust," and some type of bank search indicating plaintiff's trustee bank was no longer active. The record also contains defendant's special warranty deed indicating legal title of the unit was held in defendant's name.

¶ 7 Plaintiff filed a reply on July 18, 2023, arguing that defendant's filings did not provide any basis for relief. Plaintiff argued, in relevant part, that defendant appeared to assert that plaintiff lacked standing or authority to proceed on a lien foreclosure premised on defendant's "unpaid condominium assessments." According to plaintiff, defendant "failed to assert any fraud or misrepresentation that precluded him from asserting defenses in this case," provided no grounds for not confirming the sale of the property, and "sat on his rights" to raise defenses to the complaint after being personally served on October 23, 2022. Plaintiff argued that defendant was, therefore, precluded from raising defenses to the foreclosure.

¶ 8 The case summary entry for August 11, 2023, states that a "Foreclosure Default Hearing" occurred that day. The record on appeal, however, does not contain an order entered on August 11, 2023.

¶ 9 On September 8, 2023, defendant filed an emergency motion to vacate the judgment of August 11, 2023, arguing that the trial court lacked jurisdiction because plaintiff never "properly notified the trust." The court denied his motion the same day.

¶ 10 Defendant filed a notice of appeal on September 8, 2023. Defendant's notice of appeal identified the judgment date as August 11, 2023, and included checked boxes indicating that defendant sought to "vacate the trial court's judgment" and "send the case back to the trial court for a new hearing and new judgment."

¶ 11 On September 14, 2023, defendant filed a motion to vacate judgment in the trial court referring to the August 11, 2023, judgment. Defendant again argued that the trial court lacked jurisdiction because plaintiff "never notified the trust," and that plaintiff claimed to have legal title in trust with a bank that had been closed for 20 years. The trial court denied defendant's motion for lack of jurisdiction on September 25, 2023.

¶ 12 On June 6, 2024, this court entered an order taking the case for consideration on the record and defendant's brief only. See *First Capitol Mortgage Corp. v. Talandis Construction Corp*., 63 Ill. 2d 128, 133 (1976).

¶ 13 On appeal, defendant contends that the unit was held by his trust and the trial court erred by not giving the trust proper notice of "a hearing." Additionally, defendant contends that the trial court erred by allowing plaintiff to use the condominium declaration agreement as evidence because plaintiff never offered arbitration, which, defendant claims, resulted in a "breach of agreement." Moreover, defendant argues that the trial court erred by allowing plaintiff to "claim" South Holland Trust and Savings Bank as "trustee" because the bank has been out of existence since May 2003, resulting in "fraud upon the court." Finally, defendant argues that plaintiff cannot

foreclose on defendant's unit for unpaid assessments, fees, and costs because defendant never took a mortgage to purchase the unit.

¶ 14    As an initial matter, our review of defendant's appeal is hindered by his failure to fully comply with Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020), which "governs the form and content of appellate briefs" (*McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12). Illinois Supreme Court Rule 341(h)(6) states that an appellant's brief should contain a statement of "the facts necessary to an understanding of the case *** without argument or comment, and with appropriate reference to the pages of the record on appeal." Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020).

¶ 15    Here, defendant's brief provides no citations to the record and fails to articulate a legal argument which would allow a meaningful review of his claims. An appellant is required to cite to the pages of the record on appeal "so that we are able to assess whether the facts [the appellant] presents are accurate and a fair portrayal of the events in this case." *In re Marriage of Hluska*, 2011 IL App (1st) 092636, ¶ 58; see also Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Defendant cites no relevant legal authority on appeal, and his brief is a narrative of the proceedings from his perspective. See *People v. Hood*, 210 Ill. App. 3d 743, 746 (1991) ("A reviewing court is entitled to have the issues clearly defined with pertinent authority cited and is not simply a depository into which the appealing party may dump the burden of argument and research."). "Arguments that do not comply with Rule 341(h)(7) do not merit consideration on appeal and may be rejected by this court for that reason alone." *Wells Fargo Bank, N.A. v. Sanders*, 2015 IL App (1st) 141272, ¶ 43. Accordingly, to the extent that defendant's brief fails to comply with Supreme Court Rule 341(h)(7), his arguments are forfeited.

¶ 16    Considering the content of defendant's brief, it would be within our discretion to dismiss the instant appeal. See *Epstein v. Galuska*, 362 Ill. App. 3d 36, 42 (2005) ("Where an appellant's brief fails to comply with supreme court rules, this court has the inherent authority to dismiss the appeal."). However, because the issue key to our disposition in this case is simple, we choose not to dismiss the appeal on that ground. See *Harvey v. Carponelli*, 117 Ill. App. 3d 448, 451 (1983). That said, the deficiencies in the record still prevent us from reaching this appeal on the merits as we are unable to determine our jurisdiction.

¶ 17    As a threshold matter, this court has an independent duty to consider its jurisdiction. *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009). "A reviewing court must be certain of its jurisdiction prior to proceeding in a cause of action." *R.W. Dunteman Co. v. C/G Enterprises, Inc.*, 181 Ill. 2d 153, 159 (1998). Absent a supreme court rule providing otherwise, our jurisdiction is limited to appeals from final judgments. *Blumenthal v. Brewer*, 2016 IL 118781, ¶ 22. A final judgment "decides the controversies between the parties on the merits and fixes their rights, so that, if the judgment is affirmed, nothing remains for the trial court to do but to proceed with its execution." (Internal quotation marks omitted.) *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 524 (2001). The appellant bears the burden of establishing jurisdiction. *In re Marriage of Salviola*, 2020 IL App (1st) 182185, ¶ 36.

¶ 18    Illinois Supreme Court Rule 301 (eff. Feb 1, 1994) provides that "[e]very final judgment of a circuit court in a civil case is appealable as of right." This rule applies to appeals in cases in which the final order has disposed of the entire controversy between the parties. *In re Marriage of Sproat*, 357 Ill. App. 3d 880, 881 (2005). Illinois Supreme Court Rule 303(a)(1) (eff. July 1, 2017) governs appeals in civil cases. In relevant part, that rule provides that: "The notice of appeal must

be filed *** within 30 days after the entry of the final judgment appealed from, or, if a timely posttrial motion directed against the judgment is filed, *** within 30 days after the entry of the order disposing of the last pending postjudgment motion directed against that judgment or order." *Id.*

¶ 19    As the appellant, it is defendant's burden to provide this court with a sufficiently complete record on appeal (*Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984)), including a record sufficient to establish our jurisdiction to consider his appeal (*U.S. Bank National Ass'n v. In Retail Fund Algonquin Commons, LLC*, 2013 IL App (2d) 130213, ¶ 24 (citing Ill. S. Ct. R. 341(h)(4) (eff. July 1, 2008))). Any doubt arising from the incompleteness of the record is resolved against defendant. *Foutch*, 99 Ill. 2d at 391-92. We cannot presume that we have authority to decide an appeal on the basis of a record insufficient to show our jurisdiction. *McCorry v. Gooneratne*, 332 Ill. App. 3d 935, 941 (2002). When jurisdiction cannot be ascertained, we must dismiss the appeal. *Knox v. Taylor*, 2012 IL App (2d) 110686, ¶ 3.

¶ 20    Here, the court conducted a "Foreclosure Default Hearing" on August 11, 2023. The record on appeal, however, lacks a copy of an order entered by the court dated August 11, 2023. The order is not mentioned in the case summary, and defendant, as appellant, has not provided a report of proceedings or appropriate substitute for that date. Ill. S. Ct. R. 323 (eff. July 1, 2017). On September 8, 2023, defendant filed a notice of appeal purporting to appeal from an August 11, 2023 judgment. As the record on appeal does not substantiate the judgment that defendant purports to appeal, we are unable to determine our jurisdiction and, therefore, must dismiss this appeal. See *Knox*, 2012 IL App (2d) 110686, ¶ 3; *McCorry*, 332 Ill. App. 3d at 941.

¶ 21    For the foregoing reasons, we dismiss this appeal.

¶ 22    Dismissed.