2024 IL App (2d) 240023-U
No. 2-24-0023
Order filed October 29, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| *In re* APPLICATION OF THE COUNTY TREASURER AND *ex officio* COUNTY COLLECTOR OF LAKE COUNTY, ILLINOIS, for Order of Judgment and Sale Against Real Estate Returned Delinquent For the Nonpayment of General Taxes and Special Assessments for the Year 2017 and Prior Years | ) ) ) ) ) ) ) ) | Appeal from the Circuit Court of Lake County |
| | ) ) | No. 21-TD-502 |
| | ) ) | Honorable |
| (KZ&R Investments, LLC, Petitioner-Appellee v. Carol A. Horning, Respondent-Appellant). | ) ) | Christopher B. Morozin Judge, Presiding. |

_____

JUSTICE BIRKETT delivered the judgment of the court.
Justices Hutchinson and Mullen concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We have jurisdiction over this appeal, but the record is inadequate for meaningful review of the appeal's merits.  Therefore, we presume that the trial court's judgment had a sufficient factual and legal basis, and we affirm.

¶ 2    Respondent, Carol A. Horning (Horning), appeals from an order of the circuit court of Lake County denying her petition to vacate a judgment for the issuance of a tax deed to petitioner, KZ&R Investments, LLC (KZ&R).  Because Horning has failed to provide a complete record of the proceedings below, we affirm.

¶ 3                                     I. BACKGROUND

¶ 4     On July 26, 2021, KZ&R filed a petition in the circuit court of Lake County for a tax deed to a parcel of property at 21271 Willow Road in Lake Zurich. KZ&R stated that the property was sold to KZ&R in 2018 for nonpayment of taxes. On November 17, 2021, KZ&R filed a verified application for a tax deed to the Willow Road property. According to the application, Horning was the record owner of the property and was personally served with a "Take Notice" (see 35 ILCS 200/22-5 (West 2020)). Attached to the application was an affidavit of service executed by Mark Zuganelis, who averred that he personally served the take notice on Horning on August 6, 2021, at the Willow Road address. Zuganelis further averred that he also sent a copy of the take notice via certified mail to Horning at that address. On November 19, 2021, the trial court ordered the Lake County clerk to issue a tax deed conveying the Willow Road property to KZ&R.

¶ 5     On August 31, 2022, Horning filed a petition under sections 2-1301 and 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1301, 2-1401 (West 2020)) to vacate the November 19, 2021, order. The petition alleged that Horning was never served with the take notice and that KZ&R deliberately misled the trial court by stating otherwise in its application.

¶ 6     On June 12, 2023, the court held an evidentiary hearing on the petition. On July 13, 2023, the trial court denied Horning's petition in a written judgment containing extensive findings of fact and conclusions of law. The record contains a "Notice of Filing," file-stamped by the circuit court clerk on August 11, 2023. According to the notice of filing, Horning filed a "Motion to Vacate and Motion for New Trial" (Motion to Vacate) that same day and attached a copy of that motion. However, no motion was attached to the notice of filing. Horning also filed a "Certification Petition to Vacate/Modify Judgment" (Certification Petition) on August 11, 2023. It stated, in

relevant part: "I hereby certify that: On July 13, 2023, a final and appealable judgment or order was entered in this case and I seek to vacate/modify that order."

¶ 7      On August 29, 2023, Horning filed a notice of motion stating that, on September 5, 2023, counsel for Horning would appear in open court and "then and there present the attached [Motion to Vacate], and request that a hearing be held *instanter*."  However, no motion was attached to the notice.  On September 5, 2023, the trial court entered an order stating that the matter had come before the court "upon presentment of [Horning's] [Motion to Vacate]."  The order set a briefing schedule on the motion.

¶ 8      Although the record does not establish that Horning ever *filed* any motion challenging the July 13, 2023, judgment, it appears that Horning prepared such a motion and provided copies to KZ&R and the trial court.  Hence, on November 7, 2023, KZ&R filed a response to "Horning's Motion to Vacate Judgment and Motion for a New Trial," and on December 7, 2023, the trial court heard arguments on whether to vacate the July 13, 2023, judgment.  At the hearing, Horning's attorney said, "*For the reasons detailed in my motion* I think that the evidence that's reflected in the Court's order just does not jive [*sic*] with what the Court heard and I feel that the Court's ruling is against the manifest weight of the evidence."  (Emphasis added.)  At the conclusion of the hearing, the trial court orally denied the Motion to Vacate.  On December 11, 2023, the trial court entered a written order to the same effect.  Horning filed her notice of appeal on January 8, 2024.

¶ 9                                II. ANALYSIS

¶ 10    Horning argues on appeal that the denial of her petition to vacate the judgment ordering the issuance of a tax deed to KZ&R was against the manifest weight of the evidence.  Before considering that argument, however, we must consider KZ&R's assertion that we lack jurisdiction to hear this appeal.

¶ 11    It is axiomatic that, "[w]here no timely notice of appeal has been filed, we lack jurisdiction and must dismiss the appeal." *Nizamuddin v. Community Education in Excellence, Inc.*, 2013 IL App (2d) 131230, ¶ 11. Illinois Supreme Court Rule 303(a)(1) (eff. July 1, 2017) provides, in pertinent part:

> "The notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, *if a timely posttrial motion directed against the judgment is filed*, *** within 30 days after the entry of the order disposing of the last pending postjudgment motion directed against that judgment or order[.]" (Emphasis added.)

Here, Horning appeals from a judgment entered on July 13, 2023. Although she did not file her notice of appeal until almost six months later, Horning insists that the time for filing her notice of appeal started to run on December 11, 2023, when the trial court denied the Motion to Vacate. However, KZ&R observes that, because the Motion to Vacate does not appear in the record, it cannot be the basis for extending the time for filing the notice of appeal.

¶ 12    We note that, although Horning filed a *notice of motion*, that is no substitute for the motion itself. See *Kollath v. Chicago Title and Trust Co.*, 62 Ill. 2d 8, 10 (1975). An extension of the time to file a notice of appeal under Rule 303(a)(1) plainly depends on a motion directed against the judgment being timely "filed." An unfiled motion, even if considered by the trial court, does not satisfy that requirement. Moreover, we cannot simply assume that the requisite motion was filed and that its absence from the record is an oversight. See *Forest Glen Condo Ass'n v. Morris*, 2024 IL App (1st) 231619-U, ¶ 19 ("We cannot presume that we have authority to decide an appeal on the basis of a record insufficient to show our jurisdiction.")

¶ 13    That said, we nonetheless conclude that our jurisdiction is proper.  Although Horning did not file her Motion to Vacate, she did file her Certification Petition within 30 days of the entry of the judgment from which she now appeals.  In substance (if not in form) it qualifies as a posttrial motion directed against the judgment inasmuch as it specifically sought to vacate the judgment. Although the Certification Petition did not offer any reasons why the judgment should be vacated, it did not need to do so in order to extend the time for filing a notice of appeal from the underlying judgment. *Kingbrook v. Pupurs*, 202 Ill. 2d 24, 33 (2002) ("We decline to hold that post-judgment motions in nonjury cases must contain some undefined degree of detail, lest the filer risk that the reviewing court hold that the motion is not a motion at all.").  Although the trial court did not expressly rule on the Certification Petition by name, at the hearing on the unfiled Motion to Vacate, the trial court refused to vacate the denial of Horning's August 31, 2022, petition to vacate the November 19, 2021, order for issuance of a tax deed.  Thus, for all practical purposes, the trial court denied the properly filed Certification Petition.  Under these circumstances, a finding that Horning's notice of appeal was untimely would exalt form over substance.  Accordingly, we hold that our jurisdiction is proper.

¶ 14    Although the absence from the record of the Motion to Vacate does not impair our jurisdiction, it impedes our ability to meaningfully review the trial court's decision.  It is a longstanding principle of appellate law that

> "an appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis. Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Fouch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984).

Here, Horning filed a petition to vacate an order for the issuance of a tax deed to property to which she held title. Following an evidentiary hearing, the trial court entered a judgment denying her petition. She then sought postjudgment relief via her Certification Petition, which was devoid of any substantive arguments, and a Motion to Vacate, which was never filed and thus is not part of the record on appeal. The trial court heard the unfiled Motion to Vacate and denied it. Given that the Motion to Vacate is not part of the record, we must presume that the trial court's ruling was supported by the facts and conformed to the applicable legal principles.

¶ 15                                    III. CONCLUSION

¶ 16    For the reasons stated, the judgment of the circuit court of Lake County is affirmed.

¶ 17    Affirmed.