2025 IL App (1st) 242452-U

No. 1-24-2452

Order filed November 6, 2025

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| SAVIAN BRIDGES, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 24 L 6385 |
| | ) | |
| | ) | |
| JEHM FINANCIAL LLC; CARTER LEGAL GROUP, | ) | |
| P.C.; JAMIE SCHMIDTKE; LISA HENDLER; ERIC | ) | |
| CRUMP ANCHOR REALTY GROUP, INC.; ANCHOR | ) | |
| REALTY, JOHN MUNSON; ANCHOR REALTY | ) | |
| GROUP, INC.; ANCHOR INITIATIVES, NFP; and | ) | |
| JMCM LLC, | ) | Honorable |
| | ) | Thomas M. Donnelly, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

JUSTICE OCASIO delivered the judgment of the court.
Justices Lyle and Quish concurred in the judgment.

**ORDER**

¶ 1     *Held*:   Plaintiff's appeal from one order is moot and he failed to provide a sufficiently complete record to establish this court's jurisdiction to review his appeal from other purported orders.

¶ 2     Plaintiff Savian Bridges appeals from (1) an order of the circuit court that dismissed his complaint for want of prosecution and (2) other orders, not contained in the record on appeal, that,

according to Bridges, denied his motions to appoint a special process server and for an extension of time for process to be served. On appeal, Bridges requests that this court reverse the trial court's rulings and remand. We dismiss the appeal for lack of jurisdiction.

¶ 3    The record on appeal includes one volume of the common law record and lacks a report of proceedings.

¶ 4    On June 10, 2024, Bridges filed a complaint against defendants JEHM Financial LLC; Carter Legal Group, P.C.; Jamie Schmidtke; Lisa Hendler; Eric Crump Anchor Realty Group, Inc.; Anchor Realty; John Munson; Anchor Realty Group, Inc.; Anchor Initiatives, NFP; and JMCM LLC. Bridges alleged violations of his "due process rights" stemming from his eviction from a property in Chicago, Illinois, where he resided from July 18, 2014, until his eviction on June 27, 2023.

¶ 5    On August 21, 2024, Bridges failed to appear in court via Zoom, and the case was dismissed for want of prosecution.

¶ 6    On August 26, 2024, Bridges filed a motion to vacate the dismissal and reinstate the case.

¶ 7    On October 17, 2024, the trial court granted the motion to vacate the dismissal, reinstated the case, and ordered that the defendants be served by November 6, 2024, or the case would be dismissed pursuant to Supreme Court Rule 103(b) (eff. July 1, 2007). The court also appointed an individual named Shandar Bridges to serve process. (As Shandar Bridges shares the same last name as the plaintiff, we refer to Shandar by his first name.)

¶ 8    On October 22, 2024, Bridges filed a "Motion to Appoint Special Process Server" to appoint Shandar to serve summons as well as a "Request for Extension for Special Process Server" for process to be served until November 20, 2024.

¶ 9   On December 5, 2024, the court dismissed the case for "lack of reasonable diligence in obtaining service" under Illinois Supreme Court Rule 103(b) (eff. July 1, 2007).

¶ 10   On December 11, 2024, Bridges filed a notice of appeal, appealing "the judgment(s) entered on 8/21/2024, 12/052024 [*sic*], including the denial of the Motion for Extension and the denial of the Motion to Appoint Special Process Server."

¶ 11   On August 15, 2025, we entered an order taking this case for consideration on the record and Bridges's *pro se* brief only. See *First Capital Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) ("if the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief, the court of review should decide the merits of the appeal").

¶ 12   On appeal, Bridges contends that the trial court erred in denying his motions for appointment of a special process server and for an extension of time for process to be served. Bridges's brief does not mention the order dismissing the case for want of prosecution.

¶ 13   As an initial matter, our review of Bridges's appeal is hindered by the deficiencies in his brief. Bridges's brief fails to comply with several portions of Illinois Supreme Court Rule 341(h) (eff. Oct 1, 2020), which governs the content of appellate briefs. In violation of Rule 341(h)(2), Bridges's brief fails to include an introductory paragraph including "the nature of the action and of the judgment appealed from and *** whether any question is raised on the pleadings and, if so, the nature of the question." See Ill. S. Ct. R. 341(h)(2) (eff. Oct. 1, 2020). In violation of Rule 341(h)(6), Bridges's brief lacks an adequate statement of facts necessary to understand the case with citations to the record. See Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020). In violation of Rule 341(h)(7), his argument section asserts that the trial court erred in denying his motions without

developed legal arguments and reasoned bases for those arguments. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020).

¶ 14 A reviewing court must "have the issues on appeal clearly defined with pertinent authority cited and a cohesive legal argument presented." (Internal quotation marks omitted.) *Walters v. Rodriguez*, 2011 IL App (1st) 103488, ¶ 5. This court is "not a depository in which the appellant may dump the burden of argument and research." *Tirado v. Slavin*, 2019 IL App (1st) 181705, ¶ 39. Moreover, the supreme court rules governing appellate briefs are mandatory, and a *pro se* litigant is not relieved from complying with them. *Fryzel v. Miller*, 2014 IL App (1st) 120597, ¶¶ 25-26. Given Bridges's failure to comply with Rule 341(h), it would be within this court's discretion to dismiss his appeal. *Zale v. Moraine Valley Community College*, 2019 IL App (1st) 190197, ¶ 32.

¶ 15 Even if we chose not to dismiss on that ground, however, other issues preclude us from reaching the merits of this appeal.

¶ 16 To start, while Bridges's notice of appeal stated that he was appealing a "judgment\*\*\* entered on 8/21/2024," *i.e.*, the order dismissing the case for want of prosecution, his brief on appeal contains no reference or argument regarding that order. Therefore, it is waived. See *Multiut Corp. v. Draiman*, 359 Ill. App. 3d 527, 539 (2005) ("[i]ssues raised in the notice of appeal but not raised or argued to this court are generally deemed waived"). In any event, the issue is moot as Bridges's August 26, 2024, motion to vacate the dismissal and reinstate the case was granted and the case was reinstated on October 17, 2024. See *ChiCorp, Inc. v. Bower*, 336 Ill. App. 3d 132, 137 (2002) ("[a]n issue is moot where there remains no live controversy"); see also *In re Andrea*

*F*., 208 Ill. 2d 148, 156 (2003) ("[w]here the issue or issues before the court have become moot, the appeal will generally be dismissed").

¶ 17    Turning to Bridges's appeal from the purported orders that denied his motions for appointment of a special process server and for an extension of time for process to be served, we must first ascertain our jurisdiction.

¶ 18    A "reviewing court has an independent duty to consider issues of jurisdiction." *People v. Smith*, 228 Ill. 2d 95, 104 (2008). The appellant bears the burden of establishing jurisdiction on appeal. *In re Marriage of Salviola*, 2020 IL App (1st) 182185, ¶ 36. It is well-settled that an appellate court's jurisdiction is generally limited to appeals from final judgments. *EMC Mortgage Corp. v. Kemp*, 2012 IL 113419, ¶ 9.

¶ 19    Under Illinois Supreme Court Rule 301, "[e]very final judgment of a circuit court in a civil case is appealable as of right." See Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). Under Rule 303(a)(1), "notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from." See Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017).

¶ 20    While Bridges's notice of appeal and brief state that the trial court denied motions for appointment of a special process server and for an extension of time for process to be served on December 5, 2024, the record on appeal is devoid of orders to that effect entered on that date or any other date. See Ill. S. Ct. R. 321 (eff. Oct. 1, 2021) ("[t]he record on appeal shall consist of the judgment appealed from"). The only order in the record entered on that date dismissed the case, and nothing in Bridges's notice of appeal or brief on appeal suggest that he sought to appeal from that order. Furthermore, the record on appeal lacks a report of proceedings or an acceptable

substitute such as a bystander's report or an agreed statement of facts to specify whether the trial court entered the orders as Bridges alleges. See Ill. S. Ct. R. 323 (eff. July 1, 2017).

¶ 21 Bridges, as appellant, bears the burden of presenting a "sufficiently complete record of the proceedings" (*Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984)), and the record on appeal must "reveal the basis for the jurisdiction of the appellate court" (*Tunca v. Painter*, 2012 IL App (1st) 093384, ¶ 25). Any doubts due to the incompleteness of the record are resolved against the appellant. *Foutch*, 99 Ill. 2d at 392. We "cannot presume that we have authority to decide an appeal on the basis of a record insufficient to show our jurisdiction." *McCorry v. Gooneratne*, 332 Ill. App. 3d 935, 941 (2002). In the absence of jurisdiction, we must dismiss the appeal. *Knox v. Taylor*, 2012 IL App (2d) 110686, ¶ 3.

¶ 22 As noted, Bridges's appeal from the August 21, 2024, order dismissing the case for want of prosecution must be dismissed as moot. Moreover, as the record on appeal does not substantiate when or whether the trial court entered the other judgments that Bridges purports to appeal, we are unable to ascertain our jurisdiction and, therefore, must also dismiss his appeal as to those orders. See *id*.; see also *Home Team Detroit 2 LLC v. Jones*, 2024 IL App (1st) 230742-U, ¶ 18; *Forest Glen Condo Association v. Morris*, 2024 IL App (1st) 231619-U, ¶ 20.

¶ 23 For the foregoing reasons, we dismiss this appeal.

¶ 24 Appeal dismissed.