2026 IL App (1st) 242350-U

Fourth Division
Order filed March 31, 2026

1-24-2350

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 24 CR 60121 |
| | ) | |
| GERALD DAVIS, | ) | Honorable |
| | ) | Ursula Walowski, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE QUISH delivered the judgment of the court.
Justices Lyle and Ocasio concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Defendant's appeal of his conviction and sentence is dismissed because the record does not contain an order disposing of defendant's timely post-sentencing motion directed at the judgment and this court is therefore unable to ascertain its jurisdiction.

¶ 2    Following a jury trial, defendant Gerald Davis was found guilty of attempted first degree murder and aggravated battery with a deadly weapon and sentenced to 28 years' imprisonment. On appeal, defendant asserts that the trial court plainly erred when admitting impeachment

evidence of his prior conviction for arson. For the following reasons, we dismiss this appeal for lack of appellate jurisdiction.

¶ 3    Before trial, the trial court granted the State's motion *in limine* to admit evidence of defendant's 2021 conviction for arson pursuant to *People v. Montgomery*, 47 Ill. 2d 510 (1971).

¶ 4    At trial, Dwight Payne testified that, early on March 12, 2024, defendant attacked him outside their apartment building with a "long sword" after Payne called 911 to report noise coming from defendant's apartment. Defendant testified that Payne started the altercation and that defendant acted in self-defense. In rebuttal, the State entered into evidence a certified copy of defendant's prior arson conviction.

¶ 5    On October 9, 2024, the jury found defendant guilty of attempted first degree murder (720 ILCS 5/8-4(a) (West 2024); 720 ILCS 5/9-1(a)(1) (West Supp. 2023)) and aggravated battery with a deadly weapon (720 ILCS 5/12-3.05(f)(1) (West 2024)). On October 24, 2024, defendant filed a timely post-trial motion, which the trial court denied on November 14, 2024. After a sentencing hearing that same day, the trial court merged the aggravated battery count into the attempted first degree murder count and imposed 28 years' imprisonment.

¶ 6    Defendant filed a motion to reconsider his sentence and a notice of appeal, both on November 14, 2024. The common law record and the impounded record do not contain any order disposing of that motion, and neither the parties nor the court addressed the motion in the report of proceedings.

¶ 7    On appeal, defendant contends that the trial court erred when admitting evidence of his prior arson conviction without weighing the conviction's prejudicial effect against its probative

value as required by *Montgomery*. Defendant admits that he did not preserve this issue for our review, but requests we examine it for plain error.

¶ 8    As a preliminary matter, although neither of the parties raise the issue, this court has an independent obligation to ascertain its jurisdiction. *People v. Smith*, 228 Ill. 2d 95, 104 (2008). We cannot presume appellate jurisdiction based on a record on appeal "insufficient to show our jurisdiction." *McCorry v. Gooneratne*, 332 Ill. App. 3d 935, 941 (2002). This court must dismiss an appeal where jurisdiction is lacking (*Royal Oak Condominium Ass'n, Inc. v. Stevenson*, 2025 IL App (1st) 242317, ¶ 26) or where it cannot determine its jurisdiction (see *Knox v. Taylor*, 2012 IL App (2d) 110686, ¶¶ 3-4; see also *Bridges v. JEHM Financial LLC*, 2025 IL App (1st) 242452-U, ¶ 21).

¶ 9    Our jurisdiction generally is limited to appeals from final judgments. *Pnevmatikos v. Pappas*, 2025 IL App (1st) 230739, ¶ 37. In criminal cases, the final judgment is the sentence imposed. *People v. Walls*, 2022 IL 127965, ¶ 19. Illinois Supreme Court Rule 606(b) provides that a notice of appeal must be filed within 30 days of a final judgment. Ill. S. Ct. R. 606(b) (eff. Apr. 15, 2024). However, if a timely motion directed at the judgment is filed, a notice of appeal must be filed within 30 days of that motion's disposition. *Id.* When a timely post-sentencing motion directed at the judgment is filed, "any notice of appeal filed before the entry of the order disposing of all pending postjudgment motions shall have no effect and shall be stricken by the trial court." *Id.*

¶ 10    Here, defendant was sentenced on November 14, 2024. He timely filed both a motion to reconsider his sentence and a notice of appeal on that same day. As noted, the record on appeal is silent as to whether the trial court ruled on defendant's post-sentencing motion. The notice of

appeal filed before the disposition of his motion to reconsider sentence is ineffective. *Id.* Because the record does not disclose whether the post-sentencing motion remains pending, we cannot determine whether the trial court's judgment was final and therefore cannot ascertain our jurisdiction. Consequently, we dismiss this appeal where our jurisdiction is unclear from the record. See *Knox*, 2012 IL App (2d) 110686, ¶¶ 3-4.

¶ 11     Appeal dismissed.